M. E. FRICKER AND FRANK FRICKER, APPELLANTS, VS. PETERS AND CALHOUN COMPANY, APPELLEES.

1. A receiver should not be appointed except on notice to the party whose property is to be divested, "except in cases of the gravest emergency, demanding the immediate interference of the court for the prevention of irreparable injury."

2. A bill asking the appointment of a receiver, without notice to the party whose rights are to be affected, should set forth with particularity the facts and circumstances relied on to justify an *ex parte* exercise of this extraordinary power.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*C. P. & J. C. Cooper* for Appellants.

*Jno. T. & Geo. U. Walker* for Appellees.

As to the appointment of the receiver without notice, the affidavit of the complainant's solicitor is full and circumstantial and discloses the source of his information where he does not speak of his own knowledge. It states the reason why the affidavit was made by him, and the reason is sufficient. It also states the reason why it would endanger the rights of the complainant to give notice to the defendants—a danger increased in this instance by the disability of the Judge of the Circuit, and the consequent necessity of going into another Circuit. See Ballard vs. Eckman, 20 Fla., 675, cited by the other side.

That affidavit comes up to the requirements of the law in such cases. The Chancellor thought so, and in the cautious exercise of this extraordinary power used his discretion and granted the order, and afterward on argument refused to vacate it. Unless it be clear that he abused the discretion vested in him, this court will not say so by discharging the order on that ground.

Each case must stand on its peculiar circumstances; so a citation of other cases granting and refusing such order can be of little use.

But it is contended that the order should have been vacated. On what ground? The grounds *stated in the demurrer and the pleas.* No others are assigned. There is in no form a denial of any of the averments of the bill *or of the affidavit.* On the contrary, they are admitted to be true *for the purpose of the motion.* In other words, the motion to

vacate was on this ground: Admitting all you say in the bill to be true, there is no equity.

The authorities cited by appellants abundantly sustain the equity of the bill, to wit: 1 Bish. Married Women, secs. 854, 858. See also secs. 861, 863, and Blenner & Wife vs. Pollok & Co., 18 Fla., 707.

And see particularly as to debts contracted in a case like ours inuring to the benefit of the estate sought to be reached, &c. 2 Bish. Married Women, secs. 430, *et seq.*; Todd vs. Lee, 15 Wis., 851; same case, 16 Wis., 480; Staley vs. Hamilton, 19 Fla., 296; Harwood vs. Root, 20 Fla., ——.

THE CHIEF JUSTICE delivered the opinion of the court:

This is an appeal from an interlocutory order of the Circuit Court appointing a receiver.

The first question presented is as to the authority of the Chancellor to grant an order for the appointment of a receiver without notice to defendants, Frank Fricker and M. E. Fricker, or either of them. It may be confidently asserted that it is the uniform practice not to entertain motions for the appointment of receivers except upon notice to the parties whose property is to be divested. High on Receivers, pp. 75, 76 and 77. Again, the rule requiring notice to defendant before an application for a receiver will be entertained would seem to be not a matter of discretion but an inflexible rule which the courts are not at liberty to disregard. Ib. See also State of Florida and Trustees of I. I. Fund vs. J., P. & M. R. R. Co., 15 Fla., 201. While the rule is very strict, and we think justly, there are however some recognized exceptions to it in which an *ex parte* application will be entertained.

The only one of them that has any application here " is

in a case of grave emergency, demanding the immediate interference of the court for the prevention of irreparable injury." No such facts are stated in the bill as would be necessary to bring it within the exception. The only allegation in the bill touching the subject is, " it greatly fears if the defendants are permitted to remain in possession of said property after the commencement of this suit that the same will be disposed of so as to be placed beyond the reach of your orators, and their debt will be wholly lost to them." The fears of the complainant corporation are not sufficient without stating the facts and circumstances from which such fears might be inferred. See Section 113, High on Receivers, p. 77.

In Verplank vs. Mercantile Insurance Company of New York, 2 Paige, 438, the court says, "the particular circumstances which render such a summary proceeding necessary should be distinctly stated in the *bill* or *petition* on which the application is founded." We doubt if it is a correct practice to regard any evidence, as to the existence of such emergency as the law contemplates, in the form of an affidavit containing statements not included in the bill. But waiving that question there is nothing contained in the affidavit which will support the theory of " a grave emergency." It simply says that from affiant's knowledge of the antecedents of one of the defendants he believes that he will, unless prevented by the court upon notice of the commencement of this suit, and before a decree can be obtained, put the said stock beyond the reach of the process of the court. It contains no fact or circumstance as a basis for any belief. It should be an extraordinary emergency to justify an appointment of a receiver without notice to the defendants, whose property was to be taken. There is no such emergency shown here.

17

Aside from the question of notice, neither the bill or accompanying affidavit shows sufficient grounds for the exercise of the extraordinary power of appointing a receiver. No facts are set forth showing an intention on the part of defendants to defraud the complainants beyond the mere fact of non-payment of a balance of account due. The expression of a fear that the property of defendant will be placed beyond the reach of the creditors, is insufficient.

The order of the Chancellor, granting the appointment of a receiver, is set aside, and the cause is remanded.