GEORGE W. MOYERS, APPELLANT, VS. JOHN K. COINER, APPELLEE.

1, A receiver should not be appointed, except on notice to the party whose property is to be divested, except in cases of the gravest emergency, demanding the immediate interference of the court for the prevention of irreparable injury.

2. The rule requiring notice to the defendant of an intended application for the appointment of a receiver would seem to be not a matter of discretion, but an inflexible rule, subject to the exception in the first head note.

3. The general rule in regard to costs is, that they follow the result of a suit. In a court of equity this rule is departed from, when the failing party can show to the court any circumstances which would render it unjust that he should pay the costs of the proceedings.

4. When a receiver is appointed by the court, on application of the complainant in a bill, *without notice to the defendant,* and the allegations in the bill are insufficient to warrant the appointment, and said receiver is continued after a motion by the defendant to vacate the order appointing a receiver, which motion is denied, and the action of the court is excepted to by the defendant, the costs accumulated by such appointment should be paid by the complainant.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion.

*E. K. Foster* and *Fred. T. Myers* for Appellant.

*Alex. St. Clair-Abrams* for Appellee.

THE CHIEF JUSTICE delivered the opinion of the court:

The appellee, John K. Coiner, filed his bill in the Circuit Court of Orange county, against the appellant, G. W. Moyers, to foreclose a mortgage on a saw mill and appurtenances located on leased land, and also for an injunction to restrain and prohibit Moyers from disposing of any of the mortgaged property or from interfering or meddling with said mill, and also for the appointment of receiver to take charge of and operate said mill. The mortgage was given to secure the payment of a debt of $1,787.32 to be paid in four installments of $446.83, in three, six, eight and ten months. The first of the installments was paid by Moyers, and default was made on the second shortly after such default, and before the third or fourth installments had fallen due the complainant filed his bill to foreclose the mortgage and to have a master appointed to ascertain and report what amount would be due on the remaining notes at maturity, and also to appoint a receiver to take charge of and operate said mill, to dispose of the lumber sawed and to apply the net proceeds to the payment of complainant's

mortgage debt, interest thereon and costs and expenses incurred in running said mill. The Chancellor granted the prayer for an injunction and receiver. No notice was given to the mortgagor, Moyers, of the intention of the mortgagee, Coiner, to apply for a receiver for an injunction.

The defendant, Moyers, moved the court to vacate the order granting the injunction, and appointing a receiver, and in support thereof filed his answer to the bill. Both sides filed affidavits of different persons in support, respectively of the allegations of the bill and of the answer. The Chancellor refused to vacate the order. The receiver took charge of the mill and operated the same fifty-five days. The defendant paid to the complainant the full amount of his mortgage debt at the expiration of the fifty-six days, both the installments due and to become due and interest on what was due and unpaid, whereupon the Chancellor made an order directing the receiver to turn over to Moyers all the mortgaged property, upon payment of the costs of the officers of court. The defendant paid the costs of clerk and sheriff, but the receiver refused to turn over the property until his costs and expenses were paid.

This question was presented to the Chancellor, who made an order requiring the defendant to pay to the receiver his costs and expenses, which were ascertained by a master appointed for that purpose by the court.

The defendant appealed and assigns as error :

1. The appointment of a receiver.

2. In making the order requiring the defendant to pay to the receiver his costs and expenses.

We think that the court erred in appointing a receiver in the absence of notice to the defendant of the intention of the complainant to apply to the court for such appointment.

This court decided in Fricker vs. The Peters & Calhoun Company, 21 Fla., 254, that " the rule requiring notice to defendants before an application for the appointment of a receiver will be entertained, would seem to be not a matter of discretion, but an inflexible rule which the courts are not at liberty to disregard." Also, " a receiver should not be appointed except on notice to the party whose property is divested, except in cases of the greatest emergency, demanding the immediate interference of the court for the prevention of irreparable injury."

The bill alleges that the defendant was permitting the property to depreciate in value, and that the security of the complainant was becoming thereby daily lessened. That defendant was selling lumber to various parties on credit, most of whom were unknown to complainant, and that some of them were unable to pay for the same. That defendant had bound himself in the mortgage to keep the property insured for the benefit of complainant, but that defendant had failed to do so. These statements are not sufficient to bring the case within the exception laid down in Fricker vs. Peters & Calhoun Company, *supra*, the existence of which would authorize the court to entertain a motion for the appointment of a receiver without notice to the defendant.

We think the court erred in not vacating the order for an injunction, and the appointment of a receiver, when moved to do so by the defendant. Affidavits were filed by both parties. We cannot come to the conclusion, after a careful consideration of all the allegations of the bill and the affidavits filed, that the Chancellor was justified in appointing a receiver.

It follows, that as the court erred in originally appointing a receiver without notice to the defendant, and without sufficient allegations in the bill to authorize such appoint-

ment, and that this act was done at the instigation and request of the complainant, and such receiver was continued in his appointment against the objection of the defendant, that such costs and expenses as were incurred by such erroneous appointment and refusal to vacate the order appointing him cannot be justly charged to the defendant, but should be paid by the complainant who caused them.

This court, in the case of Lewis and wife vs. Gale, 14 Fla., 441, said: " The general rule in regard to costs is that they follow the result of the suit. In a court of equity this rule is departed from when the failing party can show to the court any circumstances which would render it unjust that he should pay the costs of the proceedings."

As to the alleged liability for any lumber or logs which the appellant had on hand at the time of delivery of possession by him to the receiver, and which were used or disposed of by the receiver, the appellant is remitted to his action at law on the receiver's bond ; and the appellee is remitted to his action at law as to any logs which were bought by the receiver, or any lumber sawed at the mill by such receiver, which were on hand at the mill at the time possession thereof was restored to appellant, if said logs or lumber were used or disposed of by said appellant. The remainder of the bill of the receiver, as reported by the master, must be paid by the appellee, John K. Coiner.

Decree reversed.