THE JACKSONVILLE FERRY COMPANY, A CORPORATION UNDER THE LAWS OF THE STATE OF FLORIDA, APPELLANT, VS. JOHN N. C. STOCKTON, APPELLEE.

1. It is error to appoint a receiver without notice to the parties concerned, unless upon sworn allegations in compliance with Circuit Court Rules Nos. 46 and 47, showing that the injury apprehended will be done if an immediate remedy is not afforded.

2. The allegations necessary to excuse notice of application for the appointment of a receiver must be positive; the excuse must not be alleged as a mere conclusion, or upon belief only, but the facts justifying such belief, or establishing such conclusion, must be stated.

Appeal from the Circuit Court for Duval county.

*Statement.*

Appeal from an interlocutory decree appointing a receiver and granting an injunction, entered May 29,

1894, in the Circuit Court of Duval county, in a suit in equity between the appellee as complainant, and the appellant and Archer Harmon and H. H. Buckman as defendants. The bill, filed May 28, 1894, alleged that complainant was a stockholder in, and the secretary and treasurer, and a director of the appellant corporation, and that Harmon, Buckman, one T. P. Denham and one Horace Scott were the other directors; all parties residing in Jacksonville, Duval county, except Scott. The bill charged that Harmon, the president and general manager of the company, had been receiving and using the company's funds, and neglected and refused to account therefor ether to complainant or to the board of directors; that he had permitted the company to become indebted and in embarrassed circumstances; had not paid the debts, but permitted them to be sued to judgment; that had he used the company's funds for corporate purposes, most if not all the company's debts would have been discharged; that he and Buckman, the latter acting as attorney for the company, had permitted judgments to be entered against the company by fraud and collusion, as to which the company had valid defenses which were not interposed by them; that Buckman himself had obtained a judgment against the company on April 2, 1894, for $2,143.32 and costs, which was entered by collusion between Harmon and Buckman, and that complainant had filed a bill to set this judgment aside and enjoin Buckman from collecting same; that one M. V. Sullivan had also obtained a judgment for $3,756 against the company, which Harmon and Buckman, though the company had several valid defenses, permitted to be taken by default; that Harmon had notified complainant to attend a director's meeting of the company to be held June 2, 1894; that appellant was informed and believed that Harmon, Scott and Buckman,

as a majority of the board of directors, would vote to mortgage the corporate property to pay all outstanding judgments, including those of Buckman and Sullivan, and that Harmon would continue to receive the company's earnings, and fail to account for same as theretofore, and that by these means, and by fraud and collusion of said three directors, complainant would lose his interest in the property.   It was also alleged that there were valid claims and judgments against the company to the amount of $3,000; that the company was not insolvent, but by proper management and application of its funds it could in a short time pay its indebtedness; that if the claims against the company were not paid, the executions against it would be levied and its property sold and thereby wasted; that should the proposed directors' meeting be held, Harmon, Scott and Buckman, constituting a majority of the directors, would vote to mortgage the company's property for the payment of the fraudulent judgments of Sullivan and Buckman.   It was further alleged that Harmon was not using the earnings of the company to pay debts and keep up repairs on the property, but was wasting the assets and earnings in a manner unknown to complainant; that it was impossible to obtain from him an accounting of the assets; that owing to differences between complainant and Denham and other members of the board of directors, it was impossible for the corporate purposes of the company to be carried out; that complainant held 390 shares of the capital stock in trust for himself and Harmon and Scott, to be voted as agreed between complainant and Harmon, and as no agreement could be arrived at between them, no new board of directors could be elected.   It was further alleged and charged upon belief that, in the event notice was given to Harmon and Buckman of an intention to apply for a re-

ceiver, they would, through collusion with Sullivan, immediately have a receiver appointed for the ferry company, its property and franchises, by the United States Circuit Court for the Northern District of Florida. The bill prayed, among other things, that a receiver be appointed to take charge of all the property, franchises and rights of the appellant company; that he be empowered to borrow money on receiver's certificates, for the purpose of paying off the company's debts; that Buckman and Harmon be enjoined and restrained from interfering with said property; from creating any further debts and liabilities against the company; from voting to place a mortgage on the corporate assets of the company, and from holding the directors' meeting called for June 2, 1894. With the application for receiver and injunction, the affidavit of complainant was presented, whereby it was alleged that affiant "believes that if a receiver of the properties, franchises and rights of said defendant company be not appointed by this Honorable Court, that the assets of said company will be lost and rendered worthless, and that affiant's interest in said company will be destroyed. That should defendants hear that an application has been made for a receiver, that conspiring and acting in collusion with the said M. V. Sullivan, a receiver of said properties would be appointed by the United States Circuit Court, or the marshal would be instructed to seize the property under execution, and that on account of the large charges and fees allowed by said court to such persons appointed, all the assets and properties of said defendant company would be completely lost and destroyed; and together with your affiant's interests therein as a shareholder."

The decree appealed from recited that it was made upon complainant's application at a hearing upon bill and affidavits in support thereof, and by its terms

Charles S. Adams was appointed receiver of all the property, franchises and rights of the appellant company; with directions to take immediate possession of all property, franchises and rights of every kind and description belonging to the company, and Harmon and Buckman and all officers and employes of the company were directed to deliver to the receiver forthwith all property, money, franchises and rights of the company, and were thereby enjoined and restrained from interfering in any manner with the receiver's possession. The receiver was required to give bond in the sum of $5,000, and it was further ordered that upon complainant's filing a bond for $1,000, that an injunction issue enjoining and restraining Buckman and Harmon as prayed in the bill. The receiver filed his bond June 1, 1894, and complainant filed his injunction bond on the same day, but the writ of injunction does not appear to have ever been issued.

On June 2, 1894, the appellant entered this appeal in the names of all the defendants, and a supersedeas was granted by the Circuit Court. Buckman and Harmon having declined to join in the appeal, this court on motion of appellant granted a severance as to them July 24, 1894.

*H. H. Buckman*, for Appellant.

*W. B. Young*, for Appellee.

CARTER, J. :

We deem it unnecessary to consider any of the errors assigned except the seventh, which insists that the court below erred in appointing the receiver without notice to the defendants. Circuit Court Equity Rule No. 46 provides "that in all cases of applications for in-

junctions, the judge to whom presented, before granting the same, shall be satisfied that sufficient notice of the application has been given to the party sought to be enjoined, and of the time and place when the motion is to be made, and no order for an injunction shall be granted without such notice, unless it is manifest to such judge from the sworn allegations in 'such bill, or the affidavit of the complainant or other competent person, that the injury apprehended will be done if an immediate remedy is not afforded, when he may grant instanter an order restraining the party complained of until the hearing, or the further order of the court or judge, which restraining order shall have all the force of an injunction until rescinded or modified by the court or judge." Rule 47 provides, among other things, that "The provisions of the foregoing rule as to notice shall apply to applications for the appointment of receiver, or other extraordinary remedy in equity, to the extent that they may be applicable." These provisions are plain and imperative, and a cursory examination of this record will disclose the fact that they were not complied with in the present case. No sufficient excuse for failure to give notice of the application for receiver was given, either in the bill or the accompanying affidavits. The parties to the suit all resided in the city of Jacksonville, and there is no allegation that any of them could not be served with notice. Indeed, the allegation that complainant believed that Buckman and Harmon would, if notified of the application for a receiver, immediately have a receiver appointed in the United States Court through collusion with Sullivan, implies very strongly that they could have been served with notice by complainant, had he desired to do so. The excuse for not serving notice is alleged in the bill *upon belief* only, and, in the accompanying affidavit, as a legal conclusion. No facts are

anywhere stated in the record tending to show grounds for the belief, either that Buckman and Harmon would immediately by collusion with Sullivan apply to the United States Court for a receiver, or that the marshal would be instructed to seize the property of the appellant company under execution, even if such facts would under the rule excuse notice. The rules above quoted do not authorize the court to act upon complainant's mere belief, or fears, or legal conclusions that notice would accelerate the injury sought to be averted by the appointment of a receiver, but requires the bill or accompanying affidavits to disclose the facts tending to produce such belief, or to establish such a conclusion. Under these circumstances the court erred in appointing the receiver (Fricker v. Peters and Calhoun Company, 21 Fla. 254; Moyers v. Coiner, 22 Fla. 422; Stockton v. Harmon, 32 Fla. 312, 13 South. Rep. 833; State v. Jacksonville, Pensacola & Mobile R. R. Co., 15 Fla. 201; Moritz & Weil v. Miller, Schram & Co., 87 Ala. 331, 6 South. Rep. 269), and without considering the merits of the bill of complaint, we reverse this order for the reasons stated.

Harmon and Buckman have declined to join in the present appeal. They do not complain of that feature of the decree appealed from which grants an injunction against them. It is, therefore, unnecessary for us to express an opinion as to whether the injunction against them was properly granted.

The decree of May 29, 1894, except that portion which directs the issuance of an injunction against Harmon and Buckman upon complainant's filing a bond in the sum of $1,000, is reversed, and the case remanded for further proceedings not inconsistent with this opinion.