J. J. JONES, *Appellant,* v. G. R. RAKESTRAW, *Appellee.*

A receiver should not be appointed except on notice to the party whose property is to be divested, except in cases of the greatest emergency demanding the immediate interference of the court for the prevention of irreparable injury; and in such a case the bill should set forth with particularity the facts and circumstances relied on to justify an ex parte exercise of this extraordinary power, and should be sworn to or supported by the affidavit of complainant or other competent person.

This case was decided by the court En Banc.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*F. M. Simonton,* for Appellant;

*Frazier & Mabry,* for Appellee.

HOCKER, J.—The appellee filed a bill against the appellant in the Circuit Court of Hillsborough County, which omitting the introductory part is as follows:

"Your orator Geo. R. Rakestraw, by his solicitors, * * * * * brings this his Bill of Complaint against J. J. Jones, of Alachua County, Florida, and thereupon your Orator complains and says:

That on March 5th, 1907, he was the owner and in possession of the following described real estate, situate, lying and being in the County of Hillsborough and State of Florida, and more particularly described as follows:

The SW ¼ of the NE ¼ and the W ½ of the SE ¼ of the NE ¼ of Section five, township thirty, south, Range fifteen East, containing sixty acres, more or less.

Your orator further alleges that on said date Your Orator entered into a Bond for title with the said J. J. Jones, defendant, agreeing that for and in consideration of the sum of Five Thousand Seven Hundred Dollars, ($5700.00), Seven Hundred Dollars cash, and five One Thousand dollars promissory notes, to make execute and deliver a good and sufficient warranty deed to the said defendant, J. J. Jones, conveying in fee simple the title to the above described premises.

Your Orator further alleges that upon the delivery of the said bond for title the said defendant, J. J. Jones, paid your Orator the sum of Seven Hundred Dollars, in cash, on account of the said purchase money for the said real estate, leaving due thereon the sum of Five thousand dollars, for which the defendant executed and delivered to Your Orator his certain promissory notes of that date, payable to the order of Your Orator, Jan. 1st, 1908, Jan. 1st, 1909, Jan. 1st, 1910, Jan. 1st, 1911, Jan. 1st, 1912, respectively, with interest from date at the rate of eight per cent per annum.

Your Orator further alleges that neither at the time of the execution and delivery of the said bond for title nor since has he received any security of any kind for the payment of the said balance due aforesaid, upon the said pur-

chase money of the said premises, nor for the payment of the said promissory notes so given therefor, and that the said balance is due to your Orator and unpaid, together with interest thereon from March 5th, 1907, at the rate of eight per cent per annum.

Your Orator further alleges that the said lot of land contains a valuable orange grove, and since the date of the execution and delivery of the said bond for title the said defendant above named, has been in possession of the said grove and premises, and has disposed of the orange crops, and received the proceeds thereof, and has not paid the same on the account of the purchase price to Your Orator.

Your Orator further alleges that said grove is now badly in need of fertilizer and cultivation and that the same is being neglected; the defendant has moved away from said grove but has control over the same; and that a Receivership be appointed to cultivate and care for said grove pending termination of this suit."

The bill then prays for an answer, but not under oath for an accounting and solicitor's fees, for the delivery and cancellation of the bond for title, for foreclosure of the defendant's rights, for a receiver to take charge of and fertilize the orange grove, for general relief &c. The bill is not sworn to and is not supported by affidavit. The notes mentioned in the bill are attached thereto. Without notice to the appellant and with no reason assigned for not giving him notice, the appellee applied to the Circuit Judge for a receiver, and the following decree was entered:

"This cause coming on this day to be heard upon application of solicitors for Complainant for the appointment of a receiver to take charge of and fertilize the grove described in complainant's Bill of Complaint, pending this litigation, and it being made to appear to the Court, that

the said property is an orange grove and that this is the season of the year when groves need attention and it being made further to appear that the grove is badly in need of fertilizer and cultivation, and that defendant is in default in the payment of his installments for the purchase price of said grove, and that the complainant has a valid vendor's lien and the equity appearing to be with the complainant; it is thereupon,

ORDERED, ADJUDGED AND DECREED that S. J. Meares be and he is hereby temporarily appointed Receiver to take charge of the said grove situated upon the following described premises: The SW ¼ of the NE ¼ and the W ½ of the SE ¼ of the NE ¼ of Sec. 5, Tp. 30, S. Range 15 E, containing sixty acres more or less, to cultivate the same, fertilize and take charge of the said grove, pending this litigation, subject however to orders from the Court as to what indebtedness he shall incur. Said receiver is required to make report to this Court from time to time of the necessities of said grove before making any out-lay or incurring any expense in relation to said grove and this Court will make such orders as he deems fit. It is ordered that the receiver be required to give a bond for the sum of One Thousand Dollars for the faithful performance of his duties as receiver under this order.

Done and ordered this 30th day of April, 1909.

J. B. Wall, Judge."

From this decree an appeal has been taken to this Court.

The assignments of error are to the effect that no notice of the application for the appointment of a receiver was given; that it does not appear that the defendant was insolvent or the security inadequate, and that the bill is not sworn to.

This Court in Fricker v. Peters and Calhoun Co., 21 Fla.

254, in construing rules 46 and 47 of the Circuit Court in Suits in Equity says:

"A receiver should not be appointed, except on notice to the party whose property is to be divested, except in cases of the gravest emergency demanding the immediate interference of the Court for the prevention of irreparable injury, and in such case, the bill should set forth with particularity the facts and circumstances relied on to justify *ex parte* exercise of this extraordinary power."'

To the same effect is the decision in Moyers v. Coiner, 22 Fla. 422. It is said in these cases that the rule requiring notice of an application for the appointment of a receiver would seem to be not a matter.of discretion, but an inflexible rule subject to the exception mentioned. In the case of Lehman v. Trust Co. of America, 57 Fla. 473, 49 South. Rep. 502, it is held: "While the appointment of a receiver in litigation is to a large extent within the sound discretion of the Chancellor, to be exercised or not according to the circumstances and exigencies of each particular case, yet there are certain well established rules that should be observed in exercising such discretion." Five rules are given; the last of which is that unless the necessity be of the most stringent character, the Court will not appoint, until the defendant is heard in response to the application.

In the instant case, there was no notice given of the application for the appointment of a receiver, no allegations showing the probability of irreparable injury, the bill was not sworn to and not supported by affidavit.

The bill is quite as defective in its allegations, if not more so, than was the bill in the case of Moyers v. Coiner, *supra*, text 425.

The decree appointing the receiver is reversed and the case remanded.

All concur.