COSMO MARTORANO and CATERINA MARTORANO, his wife, *Appellants,* v. ROSINA SPICOLA joined by her husband and next friend, C. G. SPICOLA, *Appellees.*

148 So. 585.
Division A.
Opinion filed May 4, 1933.

*John DeMarco,* for Appellants;

*Joseph G. Spicola,* for Appellees.

DAVIS, C. J.—This case is on appeal from an order of the Circuit Court denying motion for defendants in a foreclosure case for vacation of an order appointing a receiver for the mortgaged property without notice and without a substantial showing of necessity therefor. We have con- sidered this appeal in consonance with an original prohi- bition proceeding filed by defendants in connection with the supersedeas allowed herein. See State ex rel. Mar- torano v. Robles, Circuit Judge, decided at the present term.

The bill of complaint showed that the mortgaged prop- erty consisted entirely of real estate upon which was situate a dwelling house occupied by the mortgagors. The mort- gage sued on contained a provision reading as follows: "It is mutually covenanted and agreed that the party of the second part upon the breach of any of the covenants of this mortgage shall have the right upon the institution of fore- closure proceedings without notice to secure the appoint- ment of a receiver for the said premises and the rents, issues and profits thereof to be held by the said receiver for the payment of the indebtedness secured hereby and for any other purposes as may be ordered by the Court in such proceedings."

The bill of complaint after alleging a breach of the mort- gage as to payment of taxes and assessments and of install- ments due on the mortgage debt, set up the fact that the defendant, Cosmo Martorano, and his wife insolvent and

unable to respond to any deficiency judgment that might be entered; that the mortgaged property would not bring enough money when sold to pay the mortgage indebtedness and costs and that it was necessary that a receiver be appointed with full power to assume possession of the mortgaged dwelling house occupied by defendants, to rent or to collect rent thereon from the defendants as occupants. The court without notice appointed a receiver and directed him to take possession of the described land immediately, and collect rents therefrom, whether same be occupied by the defendant, Cosmo Martarano, and his wife or others, and to rent the same when vacancy occurs. Defendants filed motion to set aside said receivership order on the ground that no authority had been shown authorizing the court to make such an order upon the *ex parte* application of complainants, especially since the property as described in the mortgage was not the property occupied by defendants, although the mortgage was intended to cover such property and reformation was prayed for in the bill to adjudge that it had such effect. The motion was denied and it is from the latter order that this appeal is taken.

When a mortgage pledges the rents and profits and consents to the appointment of a receiver upon default, such provisions, while not controlling upon the courts, should be accorded due weight, and may in many cases authorize the appointment of a receiver where without them the application will be denied. And even where the mortgage contains no express pledge of the rents and profits, the possession of the mortgagor may be subordinated to the equitable rights of the mortgagee and a receiver of the rents and profits appointed, where the mortgagor is in default and is insolvent and the security inadequate. Carolina Portland Cement Company v. Baumgartner, 99 Fla. 987, 128 Sou. Rep. 241 ; Cone-Otwell-Wilson Corp. v. Commodore's Point

Terminal Company, 94 Fla. 448, 114 Sou. Rep. 232; Mc-Ewen v. Grocers Loan & Guaranty Co.' (Fla.) 139 Sou. Rep. 805.

But this Court is committed to the rule that a bill asking the appointment of a receiver without notice to the party whose rights are to be affected, should set forth with particularity the facts and circumstances relied on to justify an *ex parte* exercise of this extraordinary power. Fricker v. Peters 21 Fla. 254.

Rules 46 and 47 of the Rules Governing Circuit Courts in Chancery proceedings expressly provide that in *all* cases of applications for the appointment of receivers, the judge to whom presented, before granting same, shall be satisfied that sufficient notice of the application has been given to the party whose property is sought to be adversely affected, and *no* order for the appointment of a receiver shall be granted without such notice, unless it is manifest to such judge, from the sworn allegations of the bill, or affidavit of the complainant or other competent person, that the injury apprehended will be done if the immediate remedy of a receivership is not afforded. This Court has held that it is error to appoint a receiver without such notice as is required by Circuit Court rules 46 and 47, unless upon the conditions expressly provided for in such rules. Jones v. Rakestraw, 59 Fla. 537, 51 Sou. Rep. 927; Jacksonville Ferry Co. v. Stockton, 40 Fla. 141, 23 Sou. Rep. 557.

The only injury "apprehended" in the case now before us was the loss of the rents of the property being foreclosed upon, pending the hearing and disposition of an application for a receiver. The bill of complaint showed that the property in question was in the city of Tampa and that the defendants themselves were in actual occupancy of a dwelling house located upon the same. No showing was made, nor attempted to be made, in excuse of not giving the notice

contemplated by the rules governing applications for receiverships, except that the mortgage being foreclosed gave the mortgagee the right "upon the institution of foreclosure proceedings without notice to secure the appointment of a receiver."

Conceding *arguendo* that the stipulation in the mortgage would be sufficient to warrant the appointment of a receiver without notice upon a showing that the mortgaged property had been abandoned, or that it was being wasted or destroyed through the mortgagor's neglect of it, it cannot be said that the stipulation *per se* authorizes a court of equity in awarding, without compliance with rules 46 and 47 hereinbefore mentioned, what is in effect a writ of possession for the mortgaged property in advance of a decree of foreclosure, by the appointment of a receiver without notice for the purpose of ousting mortgagors from their actual occupancy of a dwelling house on the mortgaged land, when it is not shown that the mortgaged dwelling house on the mortgaged land, when it is not shown that the mortgaged dwelling house would be placed in jeopardy of destruction or irreparable injury result, should notice of the application for appointment of a receiver be given as required by the rules. The policy of our law is to allow the mortgagor of a dwelling house to continue his occupancy of it until after a decree of foreclosure shall have been entered and a sale of the mortgaged property made and confirmed. It should not be lightly presumed that a stipulation for appointment of a receiver without notice is applicable where the property involved is a dwelling house in the actual occupancy of the mortgagors and not being used nor offered for use as rental property. This is especially true where, as in this case, the stipulation is not unambiguously to such effect in terms.

Where mortgaged property is actually occupied by the

mortgagors as a home place, the appointment of a receiver to oust the mortgagors from their dwelling house is in practical operation and effect the awarding in advance of a writ of possession for the mortgaged property, and should not be done except after timely notice and hearing, or the showing by complainant of some urgency that dispenses with the notice under the rules governing applications for appointment of receivers without notice.

In the case now before us, it was shown that the Chancellor erred in the appointment of a receiver without notice to take charge of and rent the mortgaged property in the actual occupancy of the mortgagors as a dwelling place, solely on the basis of a stipulation in the mortgage to the effect that a receiver might be appointed without notice to collect the rents, issues and profits of the mortgaged property. Therefore the Chancellor should have corrected his error by promptly vacating the receivership order upon defendants' timely motion and application therefor. It follows that the order refusing to vacate the receivership that had been improvidently granted without notice was erroneous and should be reversed. It is so ordered, at the costs of the appellees herein. Upon remand of the cause to the court below the motion for vacation of the receivership order should be granted and further proceedings had in the cause according to equity practice.

Reversed and remanded with directions at cost of appellees.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN, and BUFORD, J. J., concur in the opinion and judgment.