PAUL POYNTER v. WILLIAM J. SMITH, HAZEL A. SMITH, GLENN MILLER and the TIMES PUBLISHING COMPANY.

162 So. 874.

Opinion Filed August 1, 1935.

470

*W. B. Dickenson, Austin L. Richardson, Cook & Harris* and *Hardee & Martin,* for Appellant;

*Van Fleet & Miller, Bussey, Mann & Barton* and *Robert H. Anderson,* for Appellees.

PER CURIAM.—Paul Poynter filed bill of complaint in the Circuit Court of Pinellas County in which he alleged that he was the beneficial owner of certain certificates of stock in Times Publishing Company, a Florida corporation, which stock had been set over and assigned to William J. Smith and Hazel Smith as collateral security to secure the payment of certain obligations and that he, the said Paul Poynter, is the real owner of a majority of the stock of said corporation; that the Smiths falsely and fraudulently pretending to be the owners of stock had colluded with other

parties and held a stockholders' meeting of the corporation and voted Paul Poynter out of control of the corporation and had taken charge of the affairs of the corporation when in truth and in fact the said William J. Smith and Hazel Smith did not own the certificates of stock which they voted at such stockholders' meeting but held the same in trust for Paul Poynter and as collateral security for the payment of the obligations which Paul Poynter owed to the Smiths. He prayed for temporary restraining order and final injunction against the Smiths whereby they would be enjoined and prohibited from transferring any of such stock certificates on the books of the corporation or disposing of any of the stock of said corporation during the pendency of the suit. He alleged that the corporation was the owner and publisher of a large newspaper having assets of valuable good will and a large paid subscription list and that through the efforts and personal management of the said Paul Poynter the newspaper had become prosperous and a growing enterprise; that the Smiths and those who had been put into the management of the corporation and its business were not familiar with the newspaper business in the City of St. Petersburg, Florida, where the said newspaper was operated, and that under the management of such persons the newspaper and its business would greatly depreciate in value and complainant's stock in such corporation would become greatly depreciated in value and he would be irreparably injured by the continuation of the conduct of the business of the corporation by the Smiths and those whom they have aided and put in charge of the management of said newspaper.

The bill of complaint is one of considerable length and states all allegations in great detail. The above is merely a

synopsis of what may be gathered from the allegations of the bill of complaint.

Besides praying for a temporary restraining order and injunction the bill of complaint prayed for the appointment of a Receiver. To the bill of complaint was attached the affidavit of Paul Poynter wherein he made oath that the allegations of the bill of complaint were true and as excuse for not serving notice of application for appointment of Receiver there was included in the affidavit the following statement, to-wit:

"Further, that if notice of motion of plaintiff for the issuance of the temporary injunction herein prayed or the appointment of a Receiver be given to either of the defendants herein, such notice will of itself precipitate and aggravate the injuries herein averred as occurring, for the reason that should notice be given the defendants, Smiths, would cause to be transferred on the books of the defendant, Times Publishing Company, the stock referred to herein as having been issued to them as collateral, for the purposing of further defeating and defrauding this plaintiff; and if notice of application for a Receiver be given it will precipitate the said defendants Smiths and Miller in the adoption and carrying out of their policy to tear down and destroy those intangible assets upon which the St. Petersburg Times and the Times Publishing Company have been built, to-wit, the good will and confidence of the community in such publication."

The Court ganted temporary restraining order as prayed and appointed a Receiver directing the Receiver to take charge of the assets, including books, etc., of Times Publishing Company and to conduct and manage the business of said corporation until further order of the Court.

Times Publishing Company entered its notice of apeal to that part of the order of the court appointing a Receiver.

The notice was sufficient to give this Court jurisdiction of the subject matter and of Paul Poynter, complainant in the court below, but it was so framed as to limit the appeal to Times Publishing Company, a corporation, and not to include as appellants anyone else. This limitation of the appeal, however, is not ground to dismiss the appeal for want of necessary parties because the corporation is the only party to the suit whose property was required to be taken charge of and managed by the Receiver. The other defendants in the court below are not affected by the order appointing the Receiver except as other stockholders in the corporation might be affected and, therefore, they were not necessary parties to this appeal.

A few days after the appeal was entered appellant applied to the Circuit Court for order of supersedeas. The court entered an order of supersedeas, being in the following language, to-wit:

"This day came the defendant, The Times Publishing Company, a Florida corporation, by counsel, and The Times Publishing Company, a corporation, having duly entered its appeal to the Supreme Court of Florida from so much of the order of this Court dated July 9th, 1935, as appoints a Receiver, as set forth in said order, and the said defendant, The Times Publishing Company, having filed its motion herein requesting this Court to grant and allow a supersedeas to so much of said order of July 9, 1935, as appoints a Receiver,

"It Is ORDERED that the said order of July 9, 1935, insofar as it appoints a Receiver is hereby superseded, said supersedeas to take effect upon William J. Smith, J. H. Ottaway and W. W. Ottaway, entering into bond in the

sum of Twenty Thousand ($20,000.00) Dollars with conditions to be approved by this Court; and

"It Is Further Ordered that upon approval of said supersedeas bond the property now in custody of the Receiver under said order of July 9th, 1935, be and the same is hereby restored to said The Times Publishing Company, a corporation.

Done and Ordered at Chambers at St. Petersburg, Pinellas County, Florida, this the 13th day of July, A. D. 1935.

"T. Frank Hobson, *Circuit Judge.*"

Thereupon, Paul Poynter entered his appeal from that order.

He then applied to a Justice of this Court for an order of supersedeas, which was granted.

Thereafter, the Judge of the Circuit Court entered the following order:

"This matter coming on to be heard on the petition of the Plaintiff in Error, Paul Poynter, based upon the order made by Mr. Justice Armstead Brown of the Supreme Court and the premises being considered and in compliance with the said order, the amount of the said bond is hereby fixed at $1,000 made payable to the defendants in error, William J. Smith, Hazel A. Smith, Glenn Miller and The Times Publishing Company, a Florida Corporation, conditioned upon the diligent prosecution of said appeal and payment of all costs and damages."

The bond required was filed.

Thereupon The Times Publishing Company moved to dismiss the appeal entered by Paul Poynter and to vacate the order of supersedeas made by a Justice of this Court.

Then Paul Poynter appeared here especially for the pur-

pose of moving to dismiss the appeal of Times Publishing Company, which motion was filed. Later Paul Poynter appeared here especially for the sole purpose of moving to vacate the supersedeas order entered by a Judge of the Circuit Court on the appeal of Times Publishing Company. Such motion was filed.

Although the return day of the first appeal has not yet arrived, the appellants filed in this Court certified copy of the transcript of the record and it has been necessary for us to inspect and familiarize ourselves with that transcript to be able to pass upon and decide the questions raised by the several motions hereinbefore referred to. From an inspection of the record, we find that the bill of complaint alleges sufficient facts which, *standing undenied,* would warrant the Circuit Judge in granting a temporary restraining order as prayed, and would also warrant, if standing *undenied,* after notice to the defendants, the appointment of Receiver as prayed, but the allegations of the bill of complaint are not sufficient in law under the rules and principles heretofore enunciated by this Court to warrant the appointment of a Receiver without notice. See Fricker v. Peters, etc., Co., 21 Fla. 254; Jones v. Rakestraw, 59 Fla. 537, 51 Sou. 927; Jacksonville Ferry Co. v. Stockton, 40 Fla. 141, 23 Sou. 557; Swepson v. Call, 13 Fla. 137; Lehman v. Trust Co., 57 Fla. 473, 49 Sou. 502; Apalachicola Northern Ry. Co. v. Sommers, *et al.,* 79 Fla. 816, 85 Sou. 361; Martorano v. Spicola, 110 Fla. 55, 148 Sou. 585.

Having reached this conclusion, it could serve no good purpose to have the case here before us disposed of by piecemeal. The order appointing the Receiver without notice should be reversed, but without prejudice for the complainant to renew his application for the appointment of Receiver after giving notice. The defendants being given

an opportunity to contest the allegations of the bill of complaint in due course.

The reversal of this order makes the questions presented by the appeal of the complainant in the court below moot, and, therefore, that appeal should be dismissed.

It is so ordered.

WHITFIELD, C. J., and ELLIS, BUFORD, and DAVIS, J. J., concur.