MRS. F. J. BOCHTERLE, sometimes known as ALIDA BOCH-
TERLE, *et vir*, v. FLORIDA MILK COMPANY, INC.

182 So. 215.
Opinion Filed June 15, 1938.

828

*J. Carl Lambdin,* for Appellants;

*Frank M. Harris* and *Richard E. Cotton,* for Appellee.

PER CURIAM.—This appeal is from an order of the Circuit Court appointing, without notice, a receiver *pendente lite* of a coffee shop and dining room alleged to be the "separate statutory estate" of a married woman, the suit being to subject the property to pay for milk and dairy products purchased by the married woman for use in the coffee shop and dining room business operated by her.

"A wife's *separate estate* is an equitable estate in property the legal title to which is in some other person for her benefit. In equity such separate estate may be subjected to the payment of the debts of the wife, if not restrained by the legal effect of the instrument creating the estate."

"A wife's *separate property* in Florida is that which she holds in her own right by virtue of the Act of March 6, 1845; by Section 26, Article IV, Constitution of 1868; and by Section 1, Article XI, Constitution 1885." Headnotes 17 and 18 of Blood v. Hunt, 97 Fla. 551, 121 So. 886.

"A receiver should not be appointed except on notice to the party whose property is to be divested, except in cases of the greatest emergency demanding the immediate interference of the court for the prevention of irreparable injury; and in such a case the bill should set forth with particularity the facts and circumstances relied on to justify an *ex parte* exercise of this extraordinary power, and should be sworn

to or supported by the affidavit of complainant or other competent person." Jones v. Rakestraw, 59 Fla. 537, 51 So. 927.

Jacksonville Ferry Co. v. Stockton, 40 Fla. 141, 23 So. 557; Poynter v. Smith, 120 Fla. 469, 162 So. 874; See Sections 73 and 74 of 1931 Chancery Act, and annotations by Edward McCarthy, Jr.

The bill of complaint filed February 8, 1938, alleges:

"That all of said milk and dairy products were purchased for use in the operation of and conduct of said business. That said defendant still continues to conduct said business, but expects in the near future on the closing of the season to close said business and leave the State of Florida, and that plaintiff would have no recourse for the satisfaction of its debt if a receiver is not appointed to sequester the rents and profits of said business until a final decree can be obtained in this cause, and, if necessary, to sell the aforesaid properties. That plaintiff is informed, and believes, and so alleges that the amount which would be realized solely from the sale of such properties, after deducting expenses of detention and sale of said goods, would not be sufficient to pay the indebtedness of plaintiff. That from reading the letter from J. Carl Lambdin, which is hereto attached, it will appear that Mrs. Bochterle is insolvent."

Such allegations are insufficient to justify the appointment of a receiver without notice to the defendants.

Reversed.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.