539 So.2d 543 (1989)
Salvador LANDA, Appellant,
v.
Gabriela LANDA, Appellee.
No. 88-2652.
District Court of Appeal of Florida, Third District.
March 7, 1989.
*544 Diane H. Tutt, Ft. Lauderdale, for appellant.
Harold M. Braxton, Miami, and Patricia Ann Ash, for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
PER CURIAM.
Where the record showed that the mother, as custodial parent of the two minor children, had a good reason for returning to her native home in Chile following the dissolution of the parties' marriage, the court did not abuse its discretion in granting her motion to remove the children from the jurisdiction.
Shortly after the marriage was dissolved, Mrs. Landa lost her job as a $19,000-a-year secretary and began receiving unemployment benefits. Upon the death of her father she was offered the opportunity to become an owner of a family business in Chile which guaranteed for herself and the children a higher living standard than she could provide as a single parent living in Miami. The children's father, now remarried and expecting another child, has not offered an increase in support payments to offset the mother's loss of earnings. Furthermore, living in Chile with other family members, the children would be in a safer and more comfortable environment. See Matilla v. Matilla, 474 So.2d 306 (Fla. 3d DCA 1985).
We reverse that part of the order on review as it relates to the amount of the child-support payments because that subject was not before the court by a pleading or prior notice. Margulies v. Margulies, 528 So.2d 957 (Fla. 3d DCA 1988) (trial court violates a litigant's due process rights when it addresses matters not noticed for a hearing).
Matters of scheduled visitation rights, which must be modified in light of the change in the children's domicile, should be presented first to the trial court.
AFFIRMED IN PART AND REVERSED IN PART.