891 So.2d 1216 (2005)
Valeria GRANDINI, Appellant,
v.
Carlos E. CARIZO, Appellee.
No. 3D04-2361.
District Court of Appeal of Florida, Third District.
February 2, 2005.
Adorno & Yoss, Boca Raton and Gregory A. Martin, for appellant.
Hall, David and Joseph, and Christopher M. David, and Justin Arnold, Miami, for appellee.
Before GERSTEN, SUAREZ, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
This is an appeal from a non-final order appointing a receiver. Joe Nicenboim, claiming to be the duly authorized and elected Liquidating Agent for two limited liability companies, filed a three-count complaint requesting in Count I Judicial Supervision of Dissolution and Liquidation of the Two Limited Liability Companies, requesting in Count II an Emergency Injunction to Require the Defendant from Intervening in the Action of the Liquidating Agent, and requesting in Count III Damages. Only Count II was noticed for evidentiary hearing. At the conclusion of the hearing, the court entered an order appointing a receiver for dissolution of the two limited liability companies. An appeal from the non-final order followed.
The trial court's non-final order appointing a receiver of the two limited liability companies is reversed upon the following findings: (1) the parties were not noticed that the issue of receivership was going to be addressed at the evidentiary hearing; therefore, inadequate notice was given under Florida Rule of Civil Procedure § 1.620(a); (2) the scope of the hearing was improperly expanded to address the receivership issue which was not noticed, Carroll & Assocs. v. Galindo, 864 So.2d 24 (Fla. 3d DCA 2003); Epic Metals Corp. v. Samari Lake East Condo. Ass'n, 547 So.2d 198 (Fla. 3d DCA 1989); Landa v. Landa, 539 So.2d 543 (Fla. 3d DCA 1989); and (3) the erroneous determination that the dissolution of the limited liability companies was necessary and, therefore, necessitated the appointment of a receiver. Freedman v. Fox, 67 So.2d 692 (Fla.1953); McAllister Hotel v. Schatzberg, 40 So.2d 201 (Fla.1949); News-Journal Corp. v. Gore, 147 Fla. 217, 2 So.2d 741 (1941); Bochterle v. Florida Milk Co., 132 Fla. 827, 182 So. 215 (1938); Recarey v. Rader, 320 So.2d 28 (Fla. 3d DCA 1975).
For the above reasons, the order appointing a receiver is hereby reversed and this matter is remanded for further proceedings.