IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 7, 2015 Session

## DOMINICK J. LEONARDO v. ASHLI LEONARDO

**Appeal from the Circuit Court for Davidson County**
**No. 11D3328     Amanda Jane McClendon, Judge**

_____

**No. M2014-00372-COA-R3-CV – Filed June 18, 2015**

_____

J. STEVEN STAFFORD, P.J., W.S., concurring in part and dissenting in part:

I concur in the majority Opinion's ruling with regard to the modification of the parties' parenting plan to allow Father more time with the child. I must, however, dissent from the majority's holding that the trial court did not err in modifying Mother's child support obligation, where no pleadings were filed notifying Mother that the issue would be tried, no opportunity to conduct discovery on the issue, and no opportunity to present evidence to the trial court concerning modification of child support. For this reason, I must respectfully file this partial dissent from the majority Opinion.

The procedural history of this case relative to child support is not contested. Father filed a petition to modify the parties' parenting plan to be allowed more time with the child, but did not request that the trial court consider a modification of child support relative to the requested change. During trial, Mother's tax returns were admitted into evidence solely for the purpose of establishing that Mother failed to comply with court orders requiring her to submit her tax returns to Father;[1] Mother's most recent tax return showed that her monthly income had increased from $6,570.00 to $14,352.64. At the conclusion of the hearing on Father's request to increase his parenting time with the child, the trial court took the matter under advisement. Shortly thereafter, the trial court made an oral ruling via telephonic conference with the parties' attorneys. In that ruling, the trial court, without a request from either party, ruled that the parties were required to come to an agreement regarding "[i]ssues of support[,]" and that if no agreement could be reached, the trial court would decide the issue. Mother's counsel objected on the basis that Father's petition included no request to modify child support. The trial court

---

[1] The trial court made no specific findings in its final order regarding Mother's alleged failure to comply with court orders.

indicated that the parties could come to that agreement, but that it did not "have a choice" in whether to modify child support. Regardless, the trial court indicated that testimony may be required to resolve that issue. It appears from the record that the parties were unable to come to an agreement regarding child support. Rather than having a hearing on the issue, Father filed a proposed order with the trial court reflecting the trial court's oral ruling; in addition, the order included a proposed parenting plan that calculated Mother's child support obligation based upon the tax information admitted in the trial on the visitation dispute. Mother filed an objection to the proposed order, arguing, *inter alia*, that Father waived modification of child support by not requesting such relief in his petition and that she should be permitted additional time for discovery to obtain information concerning Father's income. The trial court subsequently entered a final order on the visitation dispute, which included a provision setting Mother's child support based upon an income of $14,352.64. On appeal, Mother asserts that the trial court was not permitted to modify the parties' child support obligations absent a pleading seeking such modification by Father.

In this case, the majority Opinion focuses its analysis on the various statutes and regulations concerning modifications of visitation to conclude that the significant change in the parties' residential schedule was a triggering event for modifying child support. Although the majority Opinion cites several authorities that suggest that modifying a residential schedule may be a triggering event for a modification of child support, I note that there are several authorities that do not support this holding. First, it is well-settled law in Tennessee that a judgment is void where it is rendered "wholly outside of the pleadings, and no binding consent thereto is shown in the record." **Andrews v. Fifth Third Bank**, 228 S.W.3d 102, 107 (Tenn. Ct. App. 2007) (citing **Gentry v. Gentry**, 924 S.W.2d 678, 680 (Tenn. 1996)). Here, Father undisputedly filed no pleadings requesting modification of the parties' child support obligations. Indeed, Father asserted that he would not seek a modification of child support so long as he was permitted to exercise additional time with the child. Accordingly, this law suggests that the trial court's ruling on child support could be declared void.

The majority Opinion holds, however, that a request to modify a residential schedule contained within a parenting plan is sufficient to trigger the court's authority to modify the parties' child support obligations because the Court is required to establish a child support order when it enters a new parenting plan. From my review, the Tennessee Rules and Regulations governing child support do not necessarily support the majority's holding. For example, Tennessee Rule and Regulation 1240-02-04-.01 specifically outlines the situations where the Child Support Guidelines "shall be applied" to establish or modify a child support award. These situations include divorce or separate maintenance actions, paternity determinations, actions involving orders for custody of child, "any other actions in which the provision of support for children is established by

law," and actions involving interstate enforcement of custody awards involving the previous outlined actions. Tenn. Com. R. & Regs. 1240-02-04-.01(2)(b)(1–6). Notably missing from the list of actions is an action to modify a residential parenting schedule. In addition, other courts faced with the same question have held that modification is not appropriate "unless the issue of modification is presented to [the opposing party] in appropriate proceedings and each party is given an opportunity to be heard on such issue." *Cortina v. Cortina*, 98 So.2d 334, 336 (Fla. 1957) ("It is fundamental that a judgment upon a matter entirely outside of the issues made by the pleadings cannot stand; and where, as here, an issue was not presented by the pleadings nor litigated by the parties during the hearing on the pleadings as made, a decree adjudicating such issue is, at least, voidable on appeal."); *see also* **Landa v. Landa**, 539 So. 2d 543, 544 (Fla. Dist. Ct. App. 1989) ("We reverse that part of the order on review as it relates to the amount of the child-support payments because that subject was not before the court by a pleading or prior notice.") (citing **Margulies v. Margulies**, 528 So.2d 957 (Fla. 3d DCA 1988) (holding that a trial court violates a litigant's due process rights when it addresses matters not noticed for a hearing)).

Even assuming that the trial court was authorized to consider a modification of the parties' child support obligations due to the significant change in the parties' residential schedule with the child, the question remains as to whether Mother received adequate notice that child support would be at issue. While the issue of what process is due in the modification of child support context has not been thoroughly addressed by the Tennessee Supreme Court or other courts of this State, the Tennessee Supreme Court did consider the process that was due in a similar situation: modification of custody. *See* **Keisling v. Keisling**, 92 S.W.3d 374, 377 (Tenn. 2002). Specifically, in **Keisling v. Keisling**, the Tennessee Supreme Court held that due process required, at a minimum, a pleading filed by a party in order for custody of a child to be changed. In that case, mother filed a petition to modify father's visitation due to allegations of sexual abuse.[2] Two weeks after the filing of the petition, before father had filed any response to mother's petition, the trial court had what it characterized as an "emergency hearing," which lasted three days. At the hearing, father's counsel orally indicated that he intended to renew a prior petition to change custody to father based on mother's meritless accusations. *Id.* at 376. At the conclusion of mother's proof, the trial court denied mother's request for relief, finding that father had not sexually abused the children. The trial court then orally directed that custody of the children would temporarily be changed to father, despite the fact that no pleading had been filed seeking such relief. The trial

---

[2] This was mother's second petition seeking modification of father's visitation due to sexual abuse allegations. The first petition was resolved when the trial court found that father did not sexually abuse the children.

court stated that its decision to change custody was based upon father's oral petition and directed father to promptly file a written petition to "get our record clear."[3] Mother sought an extraordinary appeal of the trial court's ruling. *Id.* at 377.

On appeal, the Tennessee Supreme Court held that because of the substantial risk that a parents' child will be removed from his or her care erroneously, due process required, at a minimum, a pleading be "filed informing the parent that a change in custody is being contemplated by the court." *Id.* at 378. Accordingly, in the absence of a pleading indicating that a change of custody is at issue, due process prevents the court from considering that issue.

No Tennessee cases have ever specifically held that the ***Keisling*** rule is applicable in the modification of child support situation. Indeed, the ***Keisling*** Court recognized that "[d]ue process is a flexible concept that 'calls for such procedural protections as the particular situation demands.'" *Id.* at 377 (quoting ***Wilson v. Wilson***, 984 S.W.2d 898, 902 (Tenn. 1998)). To be sure, the right to custody of one's children, the risk of erroneous deprivation of that custody, and the government's interest in protecting children is somewhat more substantial in a child custody proceeding than in a child support modification proceeding. *See **Keisling***, 92 S.W.3d at 377–88 (noting that in determining what process is due, the court must consider: "(1) the private interest at stake; (2) the risk of erroneous deprivation of the interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and finally (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail"). However, we note that ***Keisling*** involved only a temporary order, rather than a permanent order that could only be changed by showing changed circumstances. Regardless of the exact due process required in the child support context, however, Tennessee law is clear that due process requires, at a minimum, "notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." ***Keisling***, 92 S.W.3d at 377 (quoting ***State v. Pearson***, 858 S.W.2d 879, 884 (Tenn. 1993)). The question then becomes whether Mother received these minimum due process guarantees.

A similar situation was recently considered by the Court of Appeals of Arizona in ***Heidbreder v. Heidbreder***, 230 Ariz. 377, 284 P.3d 888 (Ariz. Ct. App. 2012). In ***Heidbreder***, mother filed a petition to modify custody. At the conclusion of the hearing on mother's petition, the trial court: (1) modified custody to provide that father would only have supervised time with the child; and (2) *sua sponte* raised the issue of child support and modified father's child support obligation in his favor. *Id.* at 890. On appeal,

---

[3] Father eventually filed a written motion to change custody.

mother first argued that the trial court was not authorized to modify the parties' existing child support obligation because neither party filed any pleading seeking modification of child support. The Arizona Court of Appeals, like the majority in this case, concluded that the trial court was authorized to consider the issue of child support once the parties' custody arrangement was modified. As support, the Arizona Court of Appeals cited an Arizona statute that provided: "[f]or any custody order entered under this article, the court shall determine an amount of child support[.]"[4] *Id.* at 891 (citing Ariz. Rev. Stat. Ann. § 25-403.09(A)). Thus, the Arizona Court of Appeals concluded that "once the court granted [m]other's petition to modify custody, it was required to address child support." *Heidbreder*, 284 P.3d at 890–91.

Regardless of whether the trial court was authorized to modify the parties' child support obligations, however, the Arizona Court of Appeals concluded that the trial court's consideration of this issue was in violation of mother's due process rights, where mother was not given advance notice that the issue would be considered and an opportunity to respond. According to the Court:

> Although the court had the authority to modify child support under A.R.S. § 25–403.09, entry of the modification order under the circumstances of this case deprived [m]other of her due process right to adequate notice and a meaningful opportunity to be heard. *See Wallace v. Shields*, 175 Ariz. 166, 174, 854 P.2d 1152, 1160 (App.1992). Nothing in A.R.S. § 25–403.09 requires that the issue of child support be determined at the same hearing as the hearing on child custody; the statute does not preclude the parties from filing briefs or requesting a separate hearing on the issue of child support. In *Cook v. Losnegard*, 228 Ariz. 202, 265 P.3d 384 (App.2011), this court reversed a trial court's modification of child support on the grounds the mother received inadequate notice that the court would address the issue of child support at trial. Here, as in *Losnegard*, [m]other was unprepared to address the child support modification because she received

---

[4] I note that the language in the statute that led the *Heidbreder* Court to conclude that a change in custody was a triggering event for modification of child support is more explicit than the language relied upon by the majority Opinion. None of the authorities cited by the majority indicates that a Tennessee court "shall determine an amount of child support" whenever a parenting plan is modified. *See id.* at 891 (citing Ariz. Rev. Stat. Ann. § 25-403.09(A)). Indeed, that does not appear to be the case even in Arizona, where the *Heidbreder* Court held that a change in custody, rather than a change in a visitation schedule, was a triggering event for modification of child support. *Heidbreder*, 284 P.3d at 891.

inadequate notice that the court would address child support at the custody hearing.

A trial court errs if it modifies child support without conducting a hearing or allowing the parties to gather and present their evidence. The court in this case recognized that "neither party was substantially prepared to present information regarding the issue of child support" at the hearing. Nonetheless, the trial court proceeded without allowing Mother an opportunity to prepare and submit evidence relating to child support. The court also denied Mother's request to file a short brief on the issue of child support.

Directing the parties to file financial affidavits after the hearing was not a proper substitute for providing the parties a full opportunity to be meaningfully heard. *See Wallace*, 175 Ariz. at 174, 854 P.2d at 1160 (stating that due process requires "minimum notice requirements" and "an opportunity to be heard at a meaningful time in a meaningful manner").

*Heidbreder*, 284 P.3d at 892 (footnote omitted) (some internal citations omitted). Thus, the *Heidbreder* Court held that while the trial court may have been authorized to modify child support based on the change in the parties' custody arrangement, that fact did not excuse the court from ensuring that mother received both adequate notice that the child support issue would be considered and an opportunity to be meaningfully heard. Because the trial court did not convene a separate hearing on the issue to allow mother to prepare and submit evidence relating to child support, the *Heidbreder* Court held that her due process rights were violated. Accordingly, the Court vacated the trial court's ruling with regard to child support and remanded for additional briefing and/or a hearing on that issue. *Id.* at 892–93.

Although not controlling on this Court, the decisions of our sister states constitute persuasive authority that this Court may consider. *See Nashville Elec. Serv. v. Luna*, 185 Tenn. 175, 182, 204 S.W.2d 529, 532 (Tenn. 1947). I find the decision in *Heidbreder* highly persuasive due to the exceedingly similar facts presented by this case. First, like in *Heidbreder*, neither party in this case filed a petition that in any way sought a change in the parties' child support obligations. In addition, from my review of the transcript of the trial court's telephonic ruling, like the trial court in *Heidbreder*, the trial court raised the issue of child support *sua sponte*. Additionally, it appears from the record that Mother immediately objected to the modification of child support. Later, on February 3, 2014,

Mother filed a formal motion asking the court to allow additional discovery on this issue and to allow her to present evidence in opposition to modification. According to Mother's motion:

> Because [Father] stated explicitly that he was not requesting a modification of child support, there was no discovery conducted concerning [Father's] claimed income, nor was there any proof submitted to the Court of [Father's] income. [Father] is self-employed as an attorney, and determining income for child support purposes of a self-employed individual is usually more complicated than simply reviewing the bottom line on a tax return. [Mother] is entitled to an opportunity to review [Father's] income prior to the entry of an Order establishing that income for child support purposes. Additionally, child support is not automatically recalculated upon the changing of a parenting schedule, since parties may agree to deviate upwards or downwards in child support.

Despite this motion, the trial court entered an order the following day that modified the parties' child support obligations without an evidentiary hearing on the child support issue and without any mention of Mother's request for additional discovery. Thus, much like the mother in *Heidbreder*, after Mother was informed that modification of child support was triggered by the modification of the parties' residential schedule, she was given no opportunity to conduct additional discovery or have an evidentiary hearing on the issue. Indeed, even more troubling than in *Heidbreder*, where the trial court directed the parties to file financial affidavits, the trial court here simply utilized evidence admitted in the previous trial for an entirely different purpose, and nothing in the record indicates that it required that Father submit updated evidence regarding his income.

Because Mother was clearly not given sufficient notice that a modification of child support was at issue and she was given no opportunity to respond to the trial court's *sua sponte* decision to modify child support, I must conclude that the trial court proceedings failed to comply with due process. Accordingly, even assuming *arguendo*, that the issue of child support modification was triggered by the substantial change in the parties' residential schedule, I would vacate the trial court's judgment and remand for additional discovery and an evidentiary hearing on this issue. For this reason, I must respectfully dissent in part from the majority Opinion.

_____
J. STEVEN STAFFORD, JUDGE