821 P.2d 216

**AETNA CASUALTY & SURETY COMPANY, a Connecticut corporation, Plaintiff/Appellee/Cross–Appellant,**

v.

**Jerry and Patricia DINI, husband and wife; Ken and Una Byrnes, husband and wife, Defendants/Appellants/Cross–Appellees.**

Nos. 2 CA–CV 90–0103,
2 CA–CV 90–0283.

Court of Appeals of Arizona,
Division 1, Department B.

May 30, 1991.

Review Denied Dec. 17, 1991.

Meyer, Hendricks, Victor, Osborn & Maledon, P.A. by Andrew Hurwitz, David B. Rosenbaum and Brent Ghelfi, Phoenix, for plaintiff/appellee/cross-appellant.

Harold L. Higgins, Jr., Tucson, for defendants/appellants/cross-appellees Dini.

Bernard I. Rabinovitz, Tucson, for defendants/appellants/cross-apellees Byrnes.

## OPINION

HOWARD, Presiding Judge.

This case arises from a fraudulent scheme devised and implemented by Jerry Dini, Ken Byrnes and others to steal money from Aetna. Dini, an Aetna employee, and his friend Ken Byrnes, wrongfully obtained and forged Aetna blank drafts, obtained the proceeds and laundered the monies through an account at the National Commodities Exchange, a tax protest organization. As a result of the theft and forgeries, Aetna lost $272,052.

On April 17, 1985, Aetna sued Jerry Dini, Ken Byrnes and their marital communities for conversion, misappropriation and racketeering. On December 17, 1986, while the civil suit was pending, Jerry Dini and Ken Byrnes were indicted by a federal grand jury on multiple counts of interstate transportation of stolen securities, bank fraud, and conspiracy based on the same theft and forgery of the Aetna checks which led to this action. They were convicted by a federal jury on all counts.

The trial in this case subsequently took place before a jury resulting in a judgment against Jerry Dini, Ken Byrnes and their marital communities for $272,052.11 on Count I (conversion) and Count II (racketeering) of the complaint which the trial court subsequently trebled. The trial court also awarded attorney's fees and prejudgment interest but refused to treble Aetna's prejudgment interest. Appellants filed a motion for a new trial, and judgment n.o.v. and a request for remittitur, which were denied.

Appellants contend the trial court erred by (1) ruling that appellants could not contest the issue of community liability; (2) applying A.R.S. § 13–2314(G); (3) concluding that the doctrine of avoidable consequences was a question of law for the court; and (4) denying their motion for a new trial and for judgment notwithstanding the verdict. We do not agree.

Aetna contends in its cross-appeal that the trial court erred in failing to treble prejudgment interest. With this contention we do agree.

### THE APPEAL

#### I.

■ Rule VI(a)(2), (3) of the Superior Court Uniform Rules of Practice, 17B A.R.S., requires that the joint pretrial statement contain the contested issues of fact and law which the parties agree or believe are material. The joint pretrial statement filed by the parties listed contested issues of fact and law but did not list as an issue whether the husbands were acting for and on behalf of the community at the time they stole the funds. The first time the issue was raised was one day before trial when appellants announced to the judge that they intended to dispute community liability. The judge stated that the liability of the community had never been an issue up to that time, was not made an issue in the pretrial statement and, therefore, could not be raised at trial.

Appellants contend they adequately raised the issue of community liability by agreeing with plaintiff that one of the issues of contested law was, as stated in their joint pretrial memoranda, "Are defendants liable to plaintiff?" We agree with the lower court that such statement does not raise the issue of community liability.

The pretrial statement serves to narrow the scope of the legal and factual issues to those which are truly legitimate, prevents surprises and facilitates the trial of the case. The pretrial statement controls the subsequent course of the litigation. *Carlton v. Emhardt*, 138 Ariz. 353, 674 P.2d 907 (App.1983). In order to raise an issue such as whether or not the husbands were acting for and on behalf of the community when they stole the funds, more specificity is required by the rule than the general statement "Are defendants liable to plaintiffs?"

#### II.

#### A.

■ The trial court directed a verdict on Count II, the racketeering count, because A.R.S. § 13–2314(G) prevents a defendant convicted in a criminal proceeding from subsequently denying the essential allegations of the criminal offense of which he has been convicted. Appellants contend this was error because the wives were not parties in the criminal case. We do not agree.

The federal convictions provided the predicate for the racketeering charges. See A.R.S. §§ 13–2301(D)(4) and 13–2314. A.R.S. § 13–2314(G) creates a statutory estoppel and conclusively establishes that the husbands committed the predicate crimes necessary to impose liability under Ari-

**558**

zona's RICO statutes. Therefore, since it had already been established that the husbands were acting for and on behalf of the community by virtue of the failure to contest community liability in the joint pretrial statement, the court correctly directed a verdict. This is not a case of collateral estoppel, but a case of an estoppel created by a statute. We hold that the preclusion created by A.R.S. § 13–2314 also prevents the community from denying the essential allegations of the criminal offense because the communities' liability arises solely from the husbands' conduct.

### B.

■ Appellants also contend that a verdict should not have been directed on the racketeering count because a prior conviction is not admissible as a basis of liability in a civil case, because Aetna was not a party in the federal case and because the federal convictions were not based on the Arizona or federal RICO statutes. We do not agree.

The cases cited by appellants concerning the admissibility of prior criminal convictions in a civil case have no application here because this case does not deal with the admissibility of a criminal conviction but the application of a statutory preclusion.

Appellants' contention that the federal convictions were not based on the Arizona or federal RICO statutes is devoid of any merit. Count II of the RICO suit contends that Jerry Dini and Ken Byrnes committed the crime of forgery by causing the Aetna checks to be falsely made, endorsed and deposited, and also accuses those defendants of a fraudulent scheme or artifice to defraud by causing the stolen checks to be falsely made, endorsed and deposited. The very same acts were essential elements of their federal convictions.

The fact that Aetna was not a party in the federal criminal case is completely irrelevant.

### III.

■ Appellants next contend that the trial court erred by not submitting the doctrine of avoidable consequences to the jury. The record shows that the judge who heard the pretrial motions in limine agreed that the doctrine was not applicable. The judge who tried the case, however, allowed appellants to delve into it on the last day of trial and instructed the jury on mitigation of damages. Appellants claim that they did not have a real opportunity to develop the facts.

The record shows that appellants' theory on this issue was that Aetna was slow in stopping payment on the checks which they had forged. In other words, appellants contend that Aetna should not recover damages, or that the damages should be mitigated because Aetna failed to stop them from the final act of their crime. Assuming arguendo that this novel theory falls under the doctrine, the court did not err in its initial refusal to submit the issue to the jury and its later submission at trial was gratis because the doctrine does not prevent recovery from an intentional tort unless the injured person, after the commission of the tort, "... with knowledge of the danger of the harm intentionally or heedlessly failed to protect his own interests." Restatement (Second) of Torts, § 918 (1979).

There is no evidence or offer of proof that Aetna so failed to act.

### IV.

■ Appellants' last contention is that the trial court erred in denying their motion for a new trial which was based on the inclusion of the wives of the defendants Byrnes and Dini in the judgment. The trial court's denial of this motion was correct because the judgment makes it clear that only the separate property of the husbands, and the respective marital communities of Jerry and Patricia Dini and Ken and Una Byrnes are liable.

### THE CROSS–APPEAL

■ We agree with Aetna's contention that the trial court erred in refusing to treble the prejudgment interest. Prejudgment interest is a part of the damages for

a RICO injury, and it is also to be trebled. *Vairo v. Clayden,* 153 Ariz. 13, 734 P.2d 110 (App.1987).

Aetna has requested and is entitled to its attorney's fees in connection with this appeal under A.R.S. § 13–2314(A). Such attorney's fees will be awarded upon Aetna's compliance with Ariz.R.Civ.App.P. 21(c), 17B A.R.S.

FERNANDEZ, C.J., and JAMES C. CARRUTH,* J., concur.