284 P.3d 888

**In re the Marriage of Jodi HEIDBREDER, Petitioner/Appellant,**

v.

**Gregg HEIDBREDER, Respondent/Appellee.**

**No. 1 CA–CV 11–0428.**

Court of Appeals of Arizona, Division 1, Department D.

Aug. 9, 2012.

---

Hallier & Lawrence, PLC by Angela K. Hallier and Tabitha A. Jecmen, Phoenix, Attorneys for Petitioner/Appellant.

Gregg Heidbreder, Scottsdale, Respondent/Appellee.

## OPINION

GOULD, Judge.

¶ 1 Jodi Heidbreder ("Mother") appeals from the superior court's order modifying the child support award paid to her by Gregg Heidbreder ("Father"). We hold that pursuant to Arizona Revised Statutes ("A.R.S.") section 25–403.09(A) (2007), the court properly addressed child support when it modified the parties' custody orders. However, we vacate the court's child support modification order and remand for a hearing and/or further briefing because entry of the modification order under the circumstances of this case deprived Mother of her due process right to adequate notice and a meaningful opportunity to be heard.

### Factual and Procedural Background

¶ 2 On June 29, 2010, Mother and Father dissolved their marriage by consent decree. Both parties agreed to share joint legal custody of their two minor children with Mother as the primary residential parent. The parties also agreed that Father would pay Mother $1000 per month in child support. The court approved and incorporated these agreements in the final dissolution decree.

¶ 3 On October 29, 2010, Mother filed a petition seeking to modify Father's parenting time from unsupervised to supervised. Pursuant to Mother's petition the court issued a temporary order modifying Father's parenting time to supervised parenting time. Mother subsequently filed a petition to modify child custody seeking sole legal custody of the children. The court consolidated both matters and held an evidentiary hearing. At the conclusion of the hearing, the court awarded Mother sole legal custody of the minor children and ordered Father's parenting time continue to be supervised.

¶ 4 During the hearing, the court *sua sponte* raised the issue of child support. Over Mother's objection, the court directed both parties to testify as to child support and ordered the parties to file affidavits of financial information. The court subsequently issued an order modifying Father's child support obligation from $1000 per month to $500 per month retroactive to April 1, 2011. Mother timely appealed.

### Discussion

¶ 5 Mother argues the court erred when it *sua sponte* modified the parties' child support order as part of the parenting time/custody proceedings. Mother initially contends the court did not have authority to modify the amount of child support the parties agreed upon in their property settlement agreement. However, the fact that the child support amount was originally established by agreement is immaterial to whether the court properly modified the award. *Randolph v. Howard,* 16 Ariz.App. 118, 120, 491 P.2d 841, 843 (1971) ("The child support provisions of a property settlement agreement incorporated into a decree are subject to modification by the court.").

¶ 6 Mother next argues the issue of child support was not properly before the court. Mother asserts that the hearing was set to address the issue of child custody; neither party had filed a petition to modify child support, nor had they raised child support as a contested issue in the pretrial statement. *See Ariz.* R. Fam. Law P. 91(A)(1) (stating that "a party seeking to modify" "a prior family court order shall file a petition" "setting forth with specificity all relief requested"); *see also Ariz.* R. Fam. Law P. 91(B)(2) (listing the requirements for filing a petition to modify child support, including setting forth "the substantial and continuing changes in circumstances supporting a modification," and attaching a "current Affidavit of Financial Information").

¶ 7 We disagree with Mother's position. Pursuant to A.R.S. § 25–403.09(A), once the court granted Mother's petition to

modify custody, it was required to address child support. The plain language of the statute states: "[f]or *any* custody order entered under this article, the court *shall* determine an amount of child support in accordance with [A.R.S.] § 25–320 and guidelines established pursuant to that section."[1] (Emphasis added).

¶ 8 Despite the plain language of A.R.S. § 25–403.09, Mother argues that the court lacked authority to modify child support pursuant to Arizona Rule of Family Law Procedure 91 and A.R.S. § 25–503(E). Mother claims that under Rule 91 and A.R.S. § 25–503(E), the court had no authority to modify child support because neither party had filed a petition to modify child support.

■ ¶ 9 We do not agree with Mother's construction of A.R.S. § 25–503(E) or Rule 91. A court's authority to modify child support under A.R.S. § 25–503(E) is not based on the filing of a petition; it is based on a "showing of changed circumstances that is substantial and continuing." *See also* A.R.S. § 25–327(A) (stating that provisions of a decree regarding child support may be modified upon a "showing of changed circumstances that are substantial and continuing."). When A.R.S. § 25–403.09 and A.R.S. § 25–503(E) are read together, the purpose and scope of each statute is clear. *Bonito Partners, L.L.C. v. City of Flagstaff*, 229 Ariz. 75, 83, ¶ 30, 270 P.3d 902, 910 (App. 2012) (stating that statutes relating to the same subject should be construed together as if they were one law). Section 25–403.09 provides that when a court issues a custody order, it has a duty to determine whether the custody order requires a child support modification "in accordance with [A.R.S.] § 25–320 and guidelines established pursuant to that section." However, consistent with A.R.S. § 25–503(E), any modification must be based upon "a showing of changed

circumstances that is substantial and continuing."

¶ 10 Rule 91 is not inconsistent with A.R.S. § 25–403.09, as Mother argues. Rule 91 states: "[A] party seeking to modify ... a prior family court order shall file a petition. setting forth with specificity all relief requested...." Nothing in A.R.S. § 25–403.09 is inconsistent with the requirements of Rule 91 for a party seeking to modify child support. A.R.S. § 25–403.09 addresses the practical reality that a family law judge frequently faces on the bench: even though the parties have not raised the issue of child support, many orders changing or modifying parenting time/custody will have a direct impact on the proper amount of child support awardable under the Arizona Child Support Guidelines. *See, e.g.,* A.R.S. § 25–320, Arizona Child Support Guidelines, § 14 (court shall order "noncustodial parent" to pay child support), § 11 (adjustments for parenting time). In recognition of this reality, A.R.S. § 25–403.09 places a duty on the court to ensure that child support is properly addressed when the court issues parenting time/custody orders.

■ ¶ 11 The procedural requirements for modification of child support orders listed in Rule 91 properly operate within the framework of §§ 25–403.09 and –503. Rule 91(B)(2) calls for a petition to modify child support to "set forth the substantial and continuing changes in circumstances supporting a modification." This factual predicate is required under A.R.S. § 25–503(A), and A.R.S. § 25–403.09 does not preclude the court from considering such evidence. To the contrary, as we note in more detail below, before a court modifies child support under A.R.S. § 25–403.09, the parties must be provided with notice and a meaningful opportunity to be heard as to the substantial

---

1. Mother argues briefly that the issue of child support was not properly before the court because it was not included in the pretrial statement. Mother is correct in her contention that the pretrial statement controls the subsequent course of litigation; however, that course can be "modified at trial to prevent manifest injustice." *Carlton v. Emhardt*, 138 Ariz. 353, 355, 674 P.2d 907, 909 (App.1983). The pretrial statement is a procedural measure that "serves to narrow the scope of the legal and factual issues to those which are truly legitimate, prevents surprises and facilitates the trial of the case." *Aetna Cas. & Sur. Co. v. Dini*, 169 Ariz. 555, 557, 821 P.2d 216, 218 (App.1991). Mother listed child custody as a contested issue in her pretrial statement and A.R.S. § 25–403.09 clearly requires the court to determine an amount of child support for any custody order as part of the proceedings.

and continuing changes in circumstances supporting modification. *Infra,* ¶¶ 13–15.

¶ 12 Mother also argues that unless a petition to modify child support is filed, the court has no authority to set a starting date for the modification. Mother is correct that A.R.S. § 25–503(E) uses the date a petition is filed as a reference point for determining when the modification will be effective. However, the statute only does so as a means to set the *earliest* effective date. Even when no petition is filed, the court has the authority to set a starting date for the modification. Section 25–503(E) provides that a modification is "effective on the first day of the month following notice of the petition for modification or termination *unless* the court, for good cause shown, orders the change to become effective at a different date *but not earlier* than the date of filing the petition." Id. (Emphasis added). Subsection A clearly indicates that an award of child support does not need to be tied to the filing date of a petition for modification in order to take effect. If the court does not specify in its order when the modified child support order begins, "the support obligation begins to accrue on the first day of the month following the entry of the order." A.R.S. § 25–503(A). Thus, for example, when the court modified Father's child support obligation in this case, the modified obligation began to accrue on the first day of the month following entry of the modified support order.

¶ 13 Although the court had the authority to modify child support under A.R.S. § 25–403.09, entry of the modification order under the circumstances of this case deprived Mother of her due process right to adequate notice and a meaningful opportunity to be heard. *See Wallace v. Shields,* 175 Ariz. 166, 174, 854 P.2d 1152, 1160 (App. 1992). Nothing in A.R.S. § 25–403.09 requires that the issue of child support be determined at the same hearing as the hearing on child custody; the statute does not preclude the parties from filing briefs or requesting a separate hearing on the issue of child support. In *Cook v. Losnegard,* 228

Ariz. 202, 265 P.3d 384 (App.2011), this court reversed a trial court's modification of child support on the grounds the mother received inadequate notice that the court would address the issue of child support at trial. Here, as in *Losnegard,* Mother was unprepared to address the child support modification because she received inadequate notice that the court would address child support at the custody hearing. *See id.* at 205–06, ¶¶ 17–19, 265 P.3d at 387–88.

¶ 14 A trial court errs if it modifies child support without conducting a hearing or allowing the parties to gather and present their evidence. *See id.* at 205, ¶ 13, 265 P.3d at 387. The court in this case recognized that "neither party was substantially prepared to present information regarding the issue of child support" at the hearing. Nonetheless, the trial court proceeded without allowing Mother an opportunity to prepare and submit evidence relating to child support.[2] The court also denied Mother's request to file a short brief on the issue of child support.

¶ 15 Directing the parties to file financial affidavits after the hearing was not a proper substitute for providing the parties a full opportunity to be meaningfully heard. *See Wallace,* 175 Ariz. at 174, 854 P.2d at 1160 (stating that due process requires "minimum notice requirements" and "an opportunity to be heard at a meaningful time in a meaningful manner"). In addition to limiting the scope of evidence the parties could present on child support, the court's order also denied Mother an opportunity to challenge the modification on legal grounds. One such issue is whether Father proved a "changed circumstance that is substantial and continuing" as required by A.R.S. § 25–503(E).

### Conclusion

¶ 16 For the reasons above, we vacate the court's modification of Father's child support obligation and remand this case to the trial court. The trial court is directed to permit briefing and/or hold a hearing to allow Moth-

---

**2.** For example, Mother wanted to submit records concerning medical care expenses and child care   expenses.

er and Father an opportunity to present evidence relevant to a modification of child support.

CONCURRING: JOHN C. GEMMILL, Presiding Judge, and PETER B. SWANN, Judge.