NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

KRAIG MICHAEL KITTEL, *Petitioner/Appellant*,

*v.*

AMBER DAWN KITTEL, *Respondent/Appellee*.

No. 1 CA-CV 15-0073 FC
FILED 2-9-2016

Appeal from the Superior Court in Maricopa County
No.  FC2009-050069
The Honorable Jay M. Polk, Judge

**VACATED AND REMANDED WITH INSTRUCTIONS**

COUNSEL

Kraig Michael Kittel, Cave Creek
*Petitioner/Appellant*

Law Offices of Karla L. Calahan, Scottsdale
By Karla Lynn Calahan
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Maurice Portley joined.

---

**N O R R I S**, Judge:

¶1          This appeal arises out of an order modifying, both prospectively and retroactively, a child support obligation of petitioner/appellant, Kraig Michael Kittel ("Father"). Because neither Father nor respondent/appellee Amber Dawn Kittel ("Mother") had petitioned to modify child support and the family court had not entered an order modifying parenting time, the family court should not have modified Father's child support obligation. Accordingly, we vacate the child support order and instruct the family court, on remand, to enter orders modifying child support and parenting time.

## FACTS AND PROCEDURAL BACKGROUND

¶2          Pursuant to the parties' 2009 decree of dissolution, Father paid $400 per month in child support to Mother for their three minor children. In October 2012, Mother and Father separately petitioned to modify child custody, parenting time, and child support. At a hearing on the petitions in October 2013, the family court appointed a best interests attorney ("BIA") to investigate an issue regarding the parties' daughter and ordered: "If the [BIA] believes that a modification of the legal decision-making or parenting time orders are in the children's best interest, then the [BIA] shall file either a petition to modify legal-decision making and/or parenting time or file a dependency action with the Juvenile Court." From our review of the record, the parties apparently acknowledged at this hearing that Father's parenting time arrangement as to the parties' daughter differed from the court-ordered parenting time. The family court set a status conference to address the BIA's investigation and a possible child support modification hearing. Later that month, the family court resolved the pending petitions, ordering that "child support remain the same" as well as joint legal decision making and equal parenting time. Nevertheless, the family court noted the possibility of a child support modification hearing at several subsequent status conferences, but neither party petitioned to modify child support.

¶3        Even though neither party petitioned to modify child support, the family court held a child support modification hearing on December 2, 2014, concluding that, because Father had stopped exercising parenting time with the daughter in May 2013, his child support obligation should be modified beginning June 1, 2013.[1]  Accordingly, based on the parties' current incomes, the termination of spousal maintenance, and the current parenting time schedule the parties were actually following, the family court increased Father's child support obligation from $400 per month to $1,278.  The family court also applied this increased amount retroactively to June 1, 2013, which required Father to pay $16,682 in past child support.

## DISCUSSION

¶4        On appeal, Father argues the family court should not have modified the child support order retroactively because Mother did not file a petition to modify child support.  We agree.  Additionally, as we first discuss, the family court should not have modified child support prospectively.  *See Walsh v. Walsh*, 230 Ariz. 486, 490, ¶ 9, 286 P.3d 1095, 1099 (App. 2012) ("A court abuses its discretion if it commits an error of law in reaching a discretionary conclusion.") (internal quotations and citation omitted).

¶5        Child support may be modified upon the filing of a petition to modify showing substantial and continuing changed circumstances.  *See* Ariz. Rev. Stat. ("A.R.S.") §§ 25-327(A) and 25-503(E) (Supp. 2015).  Further, under Arizona Rule of Family Law Procedure 91(B), a party seeking to modify child support must file a petition for modification.  Even in the absence of a petition to modify, however, when the family court issues a parenting time order, it must also determine whether to modify child support.  *See* A.R.S. § 25-403.09 (Supp. 2015); *Heidbreder v. Heidbreder,* 230 Ariz. 377, 380, ¶¶ 9-10, 284 P.3d 888, 891 (App. 2012) ("A.R.S. 25-403.09 places a duty on the [family] court to ensure that child support is properly addressed when the [family] court issues parenting time/custody orders.").  Thus, the family court may modify child support when it enters a parenting time order, even without a petition to modify child support.  *See* A.R.S. §

---

[1]At the December 2, 2014 hearing, Father admitted he had stopped exercising parenting time with the daughter as of May 2013 although he was sharing equal parenting time with the parties' two sons.  Accordingly, Father is precluded from disputing this was the parenting time schedule as of the date of the hearing.

25-403.09(A); *Heidbreder*, 230 Ariz. at 380, ¶¶ 9-10, 284 P.3d at 891. It cannot, however, modify child support sua sponte without first providing the affected parent "adequate notice and a meaningful opportunity to be heard." *Heidbreder*, 230 Ariz. at 381, ¶ 13, 284 P.3d at 892.

**¶6** Here, when the family court modified child support, neither Father nor Mother had petitioned to modify child support or parenting time, and the court had not entered a modified parenting time order. Instead, at the modification hearing, the family court accepted the parenting time arrangement the parties were actually following even though the last parenting time order had provided Father equal parenting time with all three children. Without either a petition to modify child support or a modified parenting time order, the family court was not entitled to modify child support prospectively.

**¶7** Furthermore, the family court could not retroactively apply the modified child support order to the date the parties informally changed their parenting time arrangement. The earliest date a modification may be made retroactive is the date the petition to modify is filed. *See* A.R.S. §§ 25-327(A) and 25-503(E). Because neither Father nor Mother had petitioned to modify child support, the child support order could not be applied retroactively; it could only operate prospectively. "The court lacked authority to invoke equitable principles to contradict A.R.S. §§ 25-327(A) and 503(E)." *Guerra v. Bejarano,* 212 Ariz. 442, 445, ¶ 14, 133 P.3d 752, 755 (App. 2006) (family court lacked equitable powers to retroactively modify support order to the date one of the parties' children was emancipated when that date preceded the date of the petition to modify). Even if the family court had ordered modified parenting time, to afford Father his due process rights, the family court needed to provide him adequate notice and a meaningful opportunity to be heard on child support modification. From our review of the record, it does not appear Father received notice that any child support modification would apply retroactively.

**¶8** Father also argues the family court improperly increased his child support obligation as a sanction for failing to exercise parenting time with his daughter. The family court did not modify child support as a sanction, however. Rather, it considered the evidence that reflected a substantial and continuing change in the circumstances. This evidence included, in addition to the parties' actual parenting time arrangement, the change in the parties' income, and the termination of Father's spousal maintenance payments to Mother (which had been included in the prior calculation of Mother's income for purposes of the prior child support order).

**¶9**      Nevertheless, as discussed, the family court was not entitled to modify child support absent a petition to modify or the entry of a parenting time order.  *See* A.R.S. § 25-403.09; *Heidbreder,* 230 Ariz. at 380, ¶ 9, 284 P.3d at 891.  Accordingly, we vacate the child support order.  On remand, the family court shall enter a parenting time order consistent with the parenting time arrangement actually followed by the parties as of the December 2, 2014 hearing.  The court shall enter this parenting time order *nunc pro tunc* to the date of the December 2, 2014 hearing.  Upon entry of that parenting time order, the court shall enter a modified child support order also *nunc pro tunc* from the date of the parenting time order.[2]

## CONCLUSION

**¶10**      We vacate the child support order and remand for further orders as instructed in this decision.  In the exercise of our discretion, we deny Mother's request for an award of attorneys' fees on appeal.  *See* Ariz. R. Civ. App. P. 21(a)(2).  We award Father his costs on appeal contingent upon his compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[2]The family court docket shows Father petitioned to modify parenting time on October 6, 2015, and that this petition is still pending.  We express no opinion on that petition, and nothing in this decision should be construed as addressing the merits of that petition.