NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

BETSY JO POTTER, *Petitioner/Appellee*,

*v.*

PHILLIP TERRY POTTER, *Respondent/Appellant*.

No. 1 CA-CV 19-0779 FC

FILED 12-3-2020

Appeal from the Superior Court in Maricopa County
No. FC2015-050659
The Honorable John Christian Rea, Judge
The Honorable Roy C. Whitehead, Judge

**AFFIRMED IN PART; VACATED IN PART, AND REMANDED**

COUNSEL

Joseph M. Huey, PLC, Scottsdale
By Joseph M. Huey
*Counsel for Petitioner/Appellee*

Phillip Terry Potter, Scottsdale
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

---

Acting Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Chief Judge Peter B. Swann and Judge Maurice Portley[1] joined.

---

**W I N T H R O P**, Judge:

**¶1**        Phillip Terry Potter ("Father") appeals a superior court judgment that "terminally disposed of": (1) Father's July 31, 2018 "Petition to Modify Child Support 'Simplified Process' Pursuant to ARFLP Rule 91(B)(2)(b), A.R.S. § 25-320, and the Arizona Child Support Guidelines" (hereinafter, "Petition to Modify Child Support" or "Petition"); (2) Father's subsequent "Motion for Leave to Amend Petition for Child Support Modification" (hereinafter, "Motion to Amend"); (3) the superior court's July 23, 2018 "Order Regarding Special Master," appointing a special master to oversee matters regarding the parties' child's health insurance; and (4) a "Motion for New Trial or Amended Judgment Pursuant to Rule 83(A)(2) and (6), ARFLP" (hereinafter, "Motion for New Trial") filed by Betsy Jo Potter ("Mother").[2]

**¶2**        The record below is chaotic.  Delegation of judicial duties, a calendar rotation, plus indiscriminate filings by the parties below and on appeal, have created what can only be characterized as a confusing record. It appears that the superior court issued a final judgment declaring various issues "terminally disposed of" without any indication in the record that the underlying merits of certain of those issues, including Father's Petition to Modify Child Support and his subsequent Motion to Amend, were ever addressed.  We therefore vacate the termination or dismissal of Father's Petition to Modify Child Support and remand that Petition and Father's Motion to Amend for consideration on the merits.  Because she did not cross-appeal, we affirm the effective denial of Mother's Motion for New

---

[1]        The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2]        The superior court's use of the term "terminally disposed of" is confusing at best.  We presume the court intended by such phrase to signify dismissal of the pending petition or denial of the motion, as appropriate.

Trial. Finally, we vacate the portion of the superior court's judgment that terminated or vacated the July 23, 2018 Order Regarding Special Master because the record does not reflect this Order was ever set aside.

## FACTS AND PROCEDURAL HISTORY

¶3 The parties married in October 2005 and have one minor child. In February 2015, Mother petitioned for dissolution of the marriage.

¶4 In January 2017, the parties entered a consent decree of dissolution that, among other things, obligated Father to pay child support and health insurance for the child. The decree also provided that disputes regarding the child's health insurance "will immediately be submitted to a Special Master for binding arbitration."

¶5 On July 23, 2018, at Father's request and pursuant to the terms of the consent decree, the superior court issued the Order Regarding Special Master, ordering the appointment of a special master to oversee health insurance disputes, and assessing costs associated with the special master to Mother. Mother subsequently filed her Motion for New Trial, contesting in part the court's order that she pay costs associated with the special master.

¶6 Meanwhile, on July 31, 2018, Father filed his Petition to Modify Child Support, alleging that a substantial change in the parties' incomes and an increase in health insurance costs justified modification of his existing child support obligation. Mother requested a hearing on that petition, and the parties received notice that a conference and evidentiary hearing before Commissioner Richard F. Albrecht had been scheduled for November 15, 2018.

¶7 During a September 10, 2018 status conference, the superior court (Judge Roy C. Whitehead) affirmed the November 15, 2018 conference and evidentiary hearing regarding the Petition to Modify Child Support. The court also scheduled a separate evidentiary hearing regarding Mother's Motion for New Trial for January 31, 2019.

¶8 In a minute entry filed November 13, 2018, however, Commissioner Albrecht vacated the scheduled November 15, 2018 proceedings and referred the Petition to Modify Child Support to Judge Whitehead for consideration and a ruling.[3] In that same minute entry,

_____

[3] In referring the Petition to Modify Child Support to Judge Whitehead, Commissioner Albrecht noted "that there are multiple issues

Commissioner Albrecht separately affirmed the January 31, 2019 evidentiary hearing on Mother's Motion for New Trial before Judge Whitehead.

**¶9**        On January 24, 2019, the superior court (Judge Whitehead) vacated the Motion for New Trial evidentiary hearing and placed the matter on the inactive calendar, set to expire on March 29, 2019.[4]

**¶10**        On March 31, 2019, Father filed a Motion to Amend the pending Petition to Modify Child Support, citing changed circumstances due to the birth of his second child. Commissioner Albrecht referred the Motion to Amend to Judge Whitehead for consideration and a ruling.

**¶11**        On May 15, 2019, while awaiting a ruling from Judge Whitehead on both the Petition to Modify Child Support and the Motion to Amend, Father moved for a hearing on the Petition. After briefing by the parties, which included Mother's incorrect representation[5] that the Petition to Modify Child Support should "be denied as this matter was placed on this Court's Inactive Calendar March 29, 2019 for dismissal," the superior court (Judge Whitehead) summarily denied Father's request that a hearing be scheduled on his Petition to Modify Child Support, making no comment as to the merits of Father's underlying Petition nor as to the pending Motion to Amend.

**¶12**        After a judicial rotation, Judge Rea assumed responsibility for the parties' case. At a July 16, 2019 status conference, Judge Rea notified

---

pending at this time, therefore this case is no longer appropriate for the Specialty Court Calendar."

4        The court's action was apparently taken under the authority of Rule 46(b)(2)(B), Arizona Rules of Family Law Procedure, which then triggers an obligation on the part of the affected party to file a motion to set or request a hearing or conference.

5        The record refutes and we reject Mother's argument that Father's Petition to Modify Child Support was also placed on the inactive calendar for dismissal on or after March 29, 2019. Judge Whitehead's January 24, 2019 minute entry clearly vacated the January 31, 2019 evidentiary hearing and placed only the issues scheduled for that date—the Motion for New Trial and a dispute regarding the terms to be included in a court order incorporating a Rule 69 Agreement reached between the parties at a settlement conference—on the inactive calendar.

the parties he would "review the file and issue a minute entry with tentative conclusions as to what mat[t]ers remain pending and why."

¶13        Judge Rea tentatively concluded[6] that Judge Whitehead's refusal to schedule a hearing eliminated the need to consider the merits of Father's Petition to Modify Child Support and his Motion to Amend, and that Mother's Motion for New Trial was effectively dismissed when it was placed on the inactive calendar and no additional action was taken:

> [A]s of September 10, 2018, the only pending matters were the child support modification and the matter of a special master.
>
> . . . Based on the arguments in the memoranda, this court finds the court's denial of hearing [acted] to terminate the petition to modify child support, filed July 2018. Nothing remains pending on that petition.
>
> The evidentiary hearing on the special master issue and the related motion for new trial was vacated in the minute entry of January 23, 2019, and "the matter" was placed on the inactive calendar for dismissal on March 29, 2019. No further action was taken. The court considers the special master issue terminated.

¶14        In a signed minute entry dated October 21, 2019, Judge Rea affirmed his previous tentative conclusions. Later, in February 2020, Judge Rea issued a final judgment declaring that the October 21, 2019 entry "disposed of" both Father's Petition to Modify Child Support and all claims and issues related to appointment of the special master regarding the child's health insurance (including Mother's Motion for New Trial).

¶15        Father timely appealed the February 2020 judgment, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections

---

[6]        Judge Rea first observed—and we completely agree—that "[i]t is almost impossible to review this file and come to a confident conclusion on what may be pending." Since the consent decree was filed in January 2017 as docket item 81, the file in this case has increased enormously. As such, it is not surprising that Judge Rea was led astray by Mother's representation that prior rulings by Judge Whitehead and Commissioner Albrecht disposed of Father's pending issues. Currently, the case file contains more than 550 docket items.

12-120.21(A)(1) and 12-2101(A)(1). Mother did not cross-appeal the denial/dismissal of her Motion for New Trial.

**ANALYSIS**

*I.      The Court's Ruling Terminating Father's Petition*

**¶16**      Father argues the superior court abused its discretion in denying his request to set a hearing on the Motion to Amend and underlying Petition to Modify Child Support and in interpreting that denial as a dismissal on the merits of the Petition.

**¶17**      In general, either party is entitled to request a modification of child support upon a showing of substantial and continuing changed circumstances. A.R.S. §§ 25-320(24), -327(A). If the modification is contested, any party may timely request a hearing and "the court shall conduct such hearing." A.R.S. § 25-320(24)(B). Where no hearing is timely requested, "the court will review the request and enter an appropriate order or set the matter for hearing." *Id.*

**¶18**      Here, Father was deprived of a meaningful opportunity to be heard, *see generally Heidbreder v. Heidbreder*, 230 Ariz. 377, 381, ¶ 13 (App. 2012), because the court denied his request for a hearing and never reached the merits of the Petition to Modify Child Support. The superior court set an evidentiary hearing on the Petition, which was later vacated and the issue referred to Judge Whitehead for consideration and an ultimate ruling. The record, however, does not reflect that Judge Whitehead either reset the matter for an evidentiary hearing or made any ruling on the merits of the Petition. Further, while that Petition was pending, Father filed the Motion to Amend, which Commissioner Albrecht also referred to Judge Whitehead for consideration and a ruling. Thereafter, Father renewed the request previously made by Mother for an evidentiary hearing on the child support issues, which Judge Whitehead inexplicably denied.

**¶19**      Judge Whitehead's summary denial addressed neither Father's Motion to Amend nor the merits of the underlying Petition to Modify Child Support.[7] Absent something more, the superior court's interpretation of Judge Whitehead's denial as a decision on the substantive merits of Father's claims was error. Father was entitled to a definitive

---

7      Moreover, the summary denial of Father's request for an evidentiary hearing did not explain why an evidentiary hearing previously granted was no longer necessary, especially given Father's allegation of changed circumstances made in the Motion to Amend the underlying Petition.

resolution of the merits of his Motion to Amend and the underlying Petition to Modify Child Support. Accordingly, we vacate that portion of the superior court's February 2020 judgment concluding that Father's Petition to Modify Child Support has been "terminally disposed of," and we remand for consideration of both Father's Motion to Amend and his Petition to Modify Child Support.

> II.    *The Court's Ruling Terminating All Claims and Issues Related to Appointment of the Special Master, Including Mother's Motion*

**¶20**        Father also argues the superior court erred when it "disposed of all claims and issues" related to the appointment of the special master, and included in the dismissal order the court's prior July 23, 2018 Order Regarding Special Master and Mother's pending Motion for New Trial.

**¶21**        Following the court's issuance of the July 23, 2018 order appointing a special master to resolve the health insurance disputes and assigning the cost of same, Mother filed a Motion for New Trial challenging the ruling. The court set an evidentiary hearing on that motion for January 31, 2019. Before the evidentiary hearing could be held, however, Judge Whitehead placed Mother's Motion for New Trial on the inactive calendar with that issue to be summarily dismissed if Mother did not request a hearing or conference on the matter by March 29, 2019. Mother did not, however, renew her request for a hearing. Mother also did not cross-appeal the court's "terminal disposition" of her Motion for New Trial; accordingly, we affirm that dismissal. *See Bills v. Ariz. State Bd. of Educ.*, 169 Ariz. 366, 369-70 (App. 1991) (recognizing that a party may waive substantive issues by failing to file a cross-appeal).

**¶22**        However, the dismissal of Mother's Motion for New Trial did not alter the finality of the court's previous Order Regarding Special Master. Between the time the court issued its order appointing a special master in July 2018 and the time the court issued the February 2020 judgment allegedly "disposing of" the special master issues, there is nothing in the record that indicates the superior court vacated, revised, terminated, disposed of, or otherwise suspended the operation of the July 23, 2018 order. *Cf.* Ariz. R. Fam. Law P. 46(d) ("The entry of an order dismissing a case serves to dismiss all pending, unresolved petitions and issues, but the order does not dismiss, vacate, or set aside any final decree, judgment or order previously entered in the case, unless the order specifies otherwise.").

7

**¶23** In short, there is nothing in the record to support the superior court's conclusion that Father's "Motion to Appoint Special Master on Insurance, filed June 8, 2018, had been terminally disposed of in prior orders." We therefore vacate the portion of the February 2020 judgment that purported to "dispose of" the Order Regarding Special Master.

## CONCLUSION

**¶24** For the foregoing reasons, we vacate the superior court's unsupported terminal disposition of Father's July 31, 2018 Petition to Modify Child Support and remand for the court to consider Father's Motion to Amend and the merits of Father's underlying Petition.[8] We affirm the superior court's dismissal of Mother's Motion for New Trial. Finally, we vacate the apparent *sua sponte* vacating of the court's July 23, 2018 Order appointing a special master to resolve pending and future insurance coverage disputes, and assessing the cost of same to Mother.

**¶25** Both sides request an award of attorneys' fees and costs on appeal. Father is self-represented and thus is not entitled to attorneys' fees. Also, neither side has provided this court updated information on which to consider the parties' financial resources. *See* A.R.S. § 25-324(A). More importantly here, much of the confusion in this case resulted from Mother's incorrect representations to the superior court and the unreasonableness of her continued reliance on those representations on appeal; accordingly, we deny her request for attorneys' fees as well, while reminding Mother's counsel of his duty of candor to the court. *See* Ariz. R. Sup. Ct. 42, ER 3.3(a)(1). As the prevailing party on appeal, Father is entitled to reimbursement of his taxable costs upon compliance with Rule 21, ARCAP.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[8] We make no comment on the merits of Father's Motion to Amend or the underlying Petition.