NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

*In re the Matter of:*

RICHARD H. FUESS, II, *Petitioner/Appellee,*

*v.*

LINDA MARIE FUESS, *Respondent/Appellant.*

No. 1 CA-CV 20-0218 FC
FILED 2-2-2021

Appeal from the Superior Court in Maricopa County
No. FC2017-055341
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED**

COUNSEL

Gerald D. Sherrill, Attorney at Law, Scottsdale
By Gerald D. Sherrill
*Counsel for Petitioner/Appellee*

Linda Marie Fuess, Mesa
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Cynthia J. Bailey joined.

---

**C A T T A N I**, Judge:

¶1 Linda Fuess ("Mother") appeals the superior court's modified child support order. For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 Mother and Richard Fuess ("Father") were divorced in September 2018. The court granted equal parenting time and joint legal decision-making over their child R.F. Additionally, each parent had the right to communicate with R.F. by telephone every day between 7:00 p.m. and 8:00 p.m. when R.F. was with the other parent. Because Mother and Father had equal parenting time and equal income, neither parent had a child support obligation.

¶3 Father moved out of state in February 2019 and eight months later filed a petition to modify parenting time and child support and a motion for contempt. The superior court found no basis for the contempt charge. At a resolution management conference, Mother and Father proffered an agreement as to parenting time, which the court accepted. The agreement provided that Mother would be the primary residential parent and Father would have parenting time with R.F. during certain school holidays and summer breaks. The superior court continued the hearing on the issue of child support modification.

¶4 In her pretrial financial statement, Mother indicated she did not work but received disability income of $140 per month. Father reported his monthly income was $4,174.50. After the evidentiary hearing, the superior court attributed minimum wage income to Mother, thus obligating Father to pay her $551.40 per month starting on March 1, 2020.

¶5 Mother timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(2). *See In re Marriage of Dorman*, 198 Ariz. 298, 300–01, ¶¶ 3–4 (App. 2000).

**DISCUSSION**

## I.      Perjury.

**¶6**          Mother first argues that Father perjured himself and made false statements in violation of A.R.S. §§ 13-3620.01, -2907.01, -2702, -2703. But the complained-of statements were made during two evidentiary hearings from which we do not have transcripts, and it was Mother's duty to order any transcript "necessary for proper consideration of the issues on appeal." *See* ARCAP 11(c)(1)(A).   Accordingly, we cannot evaluate the merits of her argument.

**¶7**          Moreover, the record does not reflect that Mother asserted this issue below, and as a general rule, we will not entertain arguments raised for the first time on appeal. *Henderson v. Henderson*, 241 Ariz. 580, 586, ¶ 13 (App. 2017).   This rule is of particular importance when an argument hinges on witness credibility. *Cf. Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234, ¶ 13 (App. 2011) (noting that the superior court is in "the best position to weigh the evidence, observe the parties, judge the credibility of witnesses").   Thus, Mother's perjury argument fails.

## II.     Child Support.

**¶8**          Next, Mother argues that the superior court abused its discretion by imputing minimum wage income to her and erred by failing to make its order retroactive to February 2019.  We review a superior court's modification of child support for an abuse of discretion. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999).

### A.      Attributing Minimum Wage to Mother.

**¶9**          Mother argues that because of her physical disability, the superior court abused its discretion by attributing minimum wage to her.

**¶10**          When making a child support calculation, the superior court "shall presume, in the absence of contrary testimony, that a parent is capable of full-time employment at least at the applicable state or federal adult minimum wage, whichever is higher."   A.R.S. § 25-320(N).   The superior court may decline to apply the presumption and attribute additional income in certain circumstances, including when the parent is physically disabled.  A.R.S. § 25-320 app. ("Guidelines") § 5(E)(1).

**¶11**          Mother argues that she cannot work because of her physical disability and no income should be attributed to her.  Mother points to her

receipt of VA disability benefits as evidence of her disability. But the superior court maintains discretion in determining whether to attribute minimum wage income to Mother, *see* Guidelines § 5(E), and without the transcript of the evidentiary hearing to complete the record on appeal, we presume the missing transcripts support the superior court's decision. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995); *see also* ARCAP 11(c)(1)(A)–(B).

## B. Retroactive Application of Support Payments.

¶12 Mother next contends that child support modification should have become effective in February 2019 when Father moved out of state.

¶13 A modification of child support generally becomes effective on "the first day of the month following notice of the petition for modification." A.R.S. § 25-327(A); *see also* A.R.S. § 25-503(E). Thus, the date of modification is dependent on notice to the non-filing parent. *Id.*; *cf. Guerra v. Bejarano*, 212 Ariz. 442, 444, ¶ 7 (App. 2006). The superior court may change the effective date "for good cause shown," but "not earlier than the date of filing the petition." A.R.S. § 25-327(A); *see also Guerra*, 212 Ariz. at 444, ¶ 7.

¶14 Father filed his petition for modification in October 2019, and Mother was served the same month. Thus, November 1, 2019 was the earliest possible effective date of the modified child support obligation. And the superior court may, in its discretion, choose a later date. *Cf. Heidbreder v. Heidbreder*, 230 Ariz. 377, 381, ¶ 12 (App. 2012) (characterizing this language as setting the "*earliest* effective date" for modification of a support obligation). And without a transcript of the evidentiary hearing, we presume the testimony presented at the evidentiary hearing supports the superior court's determination of a later effective date (March 1, 2020). *See Baker*, 183 Ariz. at 73.

**CONCLUSION**

¶**15**        For the foregoing reasons, we affirm.   Father requests an award of his reasonable attorney's fees incurred on appeal under A.R.S. § 25-324.  Having considered the statutory factors, and in an exercise of our discretion, we deny his request.