NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

AZITA RAHIMIAN, *Petitioner/Appellee,*

*v.*

HESSAM RAHIMIAN, *Respondent/Appellant.*

No. 1 CA-CV 21-0640 FC
FILED 8-4-2022

Appeal from the Superior Court in Maricopa County
No. FC2013-091296
The Honorable Monica Edelstein, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Parley Family Law Solutions, PLC, Phoenix
By Jared Sandler
*Counsel for Respondent/Appellant*

Martin C. Klass, Attorney at Law, Glendale
By Martin C. Klass
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Cynthia J. Bailey and Judge D. Steven Williams joined.

---

**S W A N N**, Judge:

¶1        Hessam Rahimian ("Father") appeals from the superior court's order modifying child support and denying his request for attorney's fees.  We hold that the court denied Father due process by modifying the child support order *sua sponte*.  We therefore vacate and remand in part.  We affirm the court's denial of Father's request for attorney's fees.

## FACTS AND PROCEDURAL HISTORY

¶2        Father and Azita Rahimian ("Mother") dissolved their marriage by consent decree in December 2013.  The parties agreed that Mother would be the primary residential parent of their three minor children, with Father exercising parenting time every other weekend and three days during the week on weeks that Father did not have parenting time over the weekend.  The parties also agreed that Father would pay Mother $1,000 per month in child support for the first 24 months, and $500 per month thereafter.  The court approved and incorporated these agreements in the final dissolution decree.  In October 2014, the parties agreed to modify parenting time to allow Father to exercise parenting time every other week from Friday at 8 am to Thursday at 3 pm.

¶3        Around December 2014, Mother stopped exercising parenting time with the children to attend nursing school.  At this time, the children began residing with Father full time, and Father stopped paying Mother child support.  In the years that followed, the parties engaged in significant post-decree litigation.  Mother exercised virtually no parenting time with the children after December 2014, despite filing several petitions to enforce her parenting time.

¶4        In January 2019, Father petitioned to modify legal decision-making, parenting time, and child support.  After a hearing, the court designated Father as the primary residential parent and gave Mother parenting time every other weekend.  The court found that Father's actions

prevented Mother from having a relationship with her children and threatened to impose monetary sanctions if Father did not allow Mother to exercise her parenting time. The court also ordered Mother and the children to work with a therapeutic interventionalist to begin to repair their relationship. The therapeutic interventionalist's fees were apportioned equally between Mother and Father.

**¶5**     In November 2019, Father filed a motion to alter or amend the judgment under Arizona Rule of Family Law Procedure ("Rule") 83, asking the court to modify the existing child support order based on the court's 2019 parenting time modification. The court granted Father's motion and ordered Mother to pay Father $11,718 in arrears from the time the petition to modify was filed and $961 per month in child support thereafter (the "2019 Modification").

**¶6**     In April 2020, Mother filed a petition to enforce child support arrears, seeking to hold Father in contempt of court for unpaid child support. Father also filed a motion for contempt, arguing that Mother failed to pay child support and her portion of the therapeutic interventionist's fees.

**¶7**     After a hearing, the court denied Mother's petition because she failed to timely seek unpaid child support. The court granted Father's motion in part, holding Mother in contempt of court for failure to pay child support but not for her failure to pay for the therapeutic interventionalist. The court also ordered a deviation from the 2019 Modification, modifying Mother's child support obligation from $961 per month to $0 starting in November 2019 (the "2021 Modification"). The court denied Father's request for attorney's fees.

**¶8**     Father filed a Rule 83 motion, arguing the court violated A.R.S. § 25-503(E) by modifying child support without a petition. The court denied Father's motion, finding that Father's conduct constituted "changed circumstances" to justify the 2021 Modification. *See* A.R.S. § 25-503(E).

**¶9**     Father appeals.

**DISCUSSION**

I. THE COURT DENIED FATHER DUE PROCESS BY MODIFYING CHILD SUPPORT WITHOUT GIVING HIM NOTICE AND AN OPPORTUNITY TO BE HEARD.

**¶10** Father argues the court erred by modifying child support *sua sponte*.[1] We review the court's decision to modify a child support order for abuse of discretion. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999). "A court abuses its discretion if it commits an error of law in reaching a discretionary conclusion." *Walsh v. Walsh*, 230 Ariz. 486, 490, ¶ 9 (App. 2012) (citation omitted).

**¶11** The court may modify or terminate a child support order upon the filing of a petition showing changed circumstances that are "substantial and continuing." A.R.S. § 25-503(E). Even in the absence of a petition to modify child support, if the court modifies parenting time, it must also determine whether to modify child support. A.R.S. § 25-403.09(A); *Heidbreder v. Heidbreder*, 230 Ariz. 377, 380, ¶ 9 (App. 2012).

**¶12** Neither situation is present here. For the 2021 Modification, neither Mother nor Father petitioned to modify child support, and the court did not modify parenting time. Although Father petitioned to modify child support in 2019, that petition was addressed by the 2019 Modification.

**¶13** The court cannot modify child support *sua sponte* without first providing the affected parent his "due process right to adequate notice and a meaningful opportunity to be heard." *Id.* at 381, ¶ 13. Here, the scope of the court's evidentiary hearing was limited to child support arrears and payment of the therapeutic interventionist's fees. The court did not take evidence, allow briefing, or hear arguments related to child support modification. Accordingly, we vacate the 2021 Modification and remand for briefing and a hearing to allow the parties to present evidence relevant to child support modification.

---

[1] Although Mother did not file an answering brief, in an exercise of our discretion, we decline to treat that failure as a confession of error and instead address the merits of Father's appeal. *See Savord v. Morton*, 235 Ariz. 256, 259, ¶ 9 (App. 2014).

II.    REASONABLE EVIDENCE SUPPORTS THE COURT'S DENIAL OF ATTORNEY'S FEES.

¶14    Father argues the court abused its discretion by denying his request for attorney's fees under A.R.S. § 25-324. We review the court's denial of attorney's fees for an abuse of discretion. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 286, ¶ 29 (App. 2019).

¶15    Under § 25-324(A), the superior court may award attorney's fees after consideration of the financial resources and reasonableness of the parties' positions throughout the proceedings. Here, the court found that there was a substantial disparity in financial resources between Mother and Father, and Father had greater resources. Finding that both parties acted unreasonably, the court denied Father's request for attorney's fees.

¶16    Father argues the record does not support the court's finding that he acted unreasonably because he prevailed on his contempt motion. He contends that it was Mother who acted unreasonably.

¶17    First, § 25-324 does not impose a prevailing party standard for awarding fees. *See Breitbart-Napp v. Napp*, 216 Ariz. 74, 84, ¶ 39 (App. 2007). Father's partial success on his contempt motion therefore does not entitle him to attorney's fees. Second, the record supports the court's conclusion that both parties acted unreasonably. Father sought to hold Mother in contempt for failing to pay child support and her portion of the therapeutic interventionist's fees. In doing so, he asked the court to ignore his own contempt for refusing to allow Mother to exercise her parenting time. Meanwhile, Mother asked the court to offset the amount of child support she owed Father under the 2019 Modification with the amount of child support Father owed her under the consent decree. Mother waited to collect five years of unpaid child support until after the 2019 Modification, despite filing numerous other motions to enforce the consent decree over the years.

¶18    Father also argues the court erred by denying his request for attorney's fees under § 25-324(B)(2) because Mother's petition to enforce child support arrears was not "grounded in fact or based on law." Under § 25-324(B)(2), the court must award a party reasonable attorney's fees if the other party's petition is "not grounded in fact or based on law." The court found that § 25-324(B) did not apply.

¶19    Mother's petition was grounded in fact because Father admitted that he did not pay Mother child support after December 2014. The court denied Mother's petition because it was untimely. The court

expressed no opinion as to the merits of Mother's claim. The mere fact that Mother did not prevail does not mean her petition was not based on a reasonable legal position. We discern no abuse of discretion.

## CONCLUSION

**¶20** We vacate and remand in part, and affirm in part, for the reasons set forth above. Having considered the relevant factors, we deny Father's request for attorney's fees under § 25-324(A), and because Mother did not file an answering brief, § 25-324(B) does not apply. Father is entitled to recover his costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:      AA