NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

PROFESSIONAL CHOICE BUILDERS, *Plaintiff/Appellee*,

*v.*

JAMES APPEL and SHANA APPEL, *Defendants/Appellants*.

No. 1 CA-CV 22-0580
FILED 7-25-2023

---

Appeal from the Superior Court in Navajo County
No. SO900CV201800504
The Honorable Melinda K. Hardy, Judge

**AFFIRMED**

---

COUNSEL

Jerry B. DeRose, Attorney at Law, Glendale
By Jerry B. DeRose
*Counsel for Plaintiff/Appellee*

David J. Martin, Attorney at Law PLLC, Lakeside
By David J. Martin
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

---

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Jennifer B. Campbell joined.

---

**W E I N Z W E I G**, Judge:

¶1         Defendants James and Shana Appel appeal the superior court's judgment in favor of plaintiff Professional Choice Builders ("Builder") for $108,648.14 plus interest.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2         On appeal from a judgment issued after a bench trial, we recount the evidence in the light most favorable to upholding that judgment.  *Town of Florence v. Florence Copper Inc.*, 251 Ariz. 464, 468, ¶ 20 (App. 2021).

¶3         In February 2018, Builder and the Appels entered a fixed-price contract ("Contract").  Builder agreed to build a home in Show Low for $320,000, promising to finish construction in six months.  The fixed price included "costs of building, sales tax, overhead, and insurance."  For work beyond the scope of contract, the Appels promised to submit "change orders" to Builder and agreed to pay a non-refundable 23.4 percent upfront charge, plus costs.

¶4         The Appels secured a construction loan, and the lender ("the Bank") had its own requirements for the deal.  The Bank required Builder to finance its own labor and materials and then seek reimbursement from the Bank, which rested on the Bank's inspection and approval.  The loan agreement also required the Appels to provide the Bank with receipts and proof of expenditures.

¶5         The Appels submitted five distinct change orders over the course of construction, seeking changes to the laundry room, shop, beam placement, well-house and spray foam insulation.  Builder fulfilled each change order.  But the Appels never paid Builder for the work, nor did they pay the 23.4 percent charge.

¶6         For its part, Builder submitted seven draw requests, and the Appels signed and approved five.  But when Builder submitted a draw

request for $36,350, the Appels refused to sign and approve it because they wanted Builder to account for "every penny" spent. The Bank inspected and approved the draw request but did not release the funds because the Appels still would not sign it.

¶7            Builder halted construction and asked the Appels to sign the draw, pay the money owed to Builder and allow Builder to complete the work. Builder had completed about 85 percent of the work, and both the Bank and the Navajo County Building Department approved the home. The Appels obtained a Certificate of Occupancy. But they refused to sign the pending draw or pay Builder, and they hired another contractor to finish the work.

### *This Lawsuit*

¶8            Builder sued the Appels for breach of contract, seeking $118,036.39 in damages, plus interest, fees and costs. In the complaint, Builder alleged the Appels breached a contract "for a fixed price of $320,000 to finish construction of a residential home." First in their answer, and then in their amended answer, the Appels admitted they entered a fixed-price contract for $320,000.

¶9            For a third time, the Appels admitted they entered a fixed-price contract in response to Builder's request for admissions during discovery. The Appels later asked the court for permission to withdraw and amend their answer to that request for admissions. The superior court denied the "untimely" request, finding that Builder would suffer prejudice and noting that the Appels' answer already affirmed the entry into a fixed-price contract. The Appels also stipulated that the contract was for a "fixed price" in the parties' amended joint pretrial statement.

¶10           After a three-day bench trial, the superior court awarded Builder $108,648.14 in damages for breach of contract, along with prejudgment interest, attorney fees and costs. The Appels unsuccessfully moved for a new trial and now appeal. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

### DISCUSSION

¶11           On appeal from a bench trial, we review the superior court's legal conclusions de novo and defer to its findings of fact unless clearly erroneous. *Town of Marana v. Pima Cnty.*, 230 Ariz. 142, 152, ¶ 46 (App. 2012). We consider the evidence in the light most favorable to upholding the court's ruling, *id.*, and affirm the judgment "if correct for any reason,"

*FL Receivables Tr. 2002-A v. Ariz. Mills, L.L.C.*, 230 Ariz. 160, 166, ¶ 24 (App. 2012).

**¶12**        The Appels raise several arguments on appeal, and we reject the ones the Appels fail to support. *See State v. Carver*, 160 Ariz. 167, 175 (1989) ("[O]pening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised.  Failure to argue a claim usually constitutes abandonment and waiver of that claim."); *see also* ARCAP 13(a)(4).

**¶13**        The Appels first argue the superior court erroneously found they entered into a "fixed-price contract" despite evidence to the contrary. We reject that argument.  The Appels admitted the Contract was for a fixed price (1) in their initial answer to the complaint; (2) in their amended answer to the complaint; (3) in their responses to Builder's request for admissions; (4) in their amended pretrial statement; and (5) during in-court testimony. Those admissions are binding. *See Schwartz v. Schwerin*, 85 Ariz. 242, 249 (1959) ("[A]n admission in an answer is binding on the party making it, and is conclusive as to the admitted fact."); *see also Aetna Cas. & Sur. Co. v. Dini*, 169 Ariz. 555, 557 (App. 1991) ("The pretrial statement controls the subsequent course of the litigation.").

**¶14**        Still, the Appels insist the issue would not have been conclusive had the court granted their motion to withdraw their admissions to discovery questions.  But even without those admissions, the Appels were bound by their answer to the complaint and "[n]o evidence may be shown to contradict [an] admitted fact." *Schwartz*, 85 Ariz. at 249.

**¶15**        The Appels next challenge the amount of damages, insisting the court failed to balance "[t]he weight of the evidence" when arriving at its calculation.  We review damage awards for abuse of discretion, *Gonzales v. Ariz. Pub. Serv. Co.*, 161 Ariz. 84, 90 (App. 1989), and find none here.

**¶16**        For starters, the Appels have not supplied this Court with transcripts of all relevant proceedings in the superior court.  ARCAP 11(c)(1)(B).  We therefore presume the missing portions of the record support the superior court's judgment. *Kohler v. Kohler*, 211 Ariz. 106, 108, ¶ 8 n.1 (App. 2005).  And the record has sufficient evidence to support the court's award. *See Higgins v. Assmann Elecs., Inc.*, 217 Ariz. 289, 296, ¶ 23 (App. 2007) ("[Reviewing court] will not disturb the damages awarded when there is evidence in the record to support [it].").

**¶17**        The Appels challenge the superior court's award of prejudgment interest, too.  We review that question of law de novo.

*Sunland Dairy LLC v. Milky Way Dairy LLC*, 251 Ariz. 64, 70, ¶ 26 (App. 2021). "A claim is liquidated if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion." *Id.* at 70, ¶ 27 (citation and internal quotation marks omitted).

**¶18** We discern no error. Here again, the Appels have not supplied complete transcripts, so we presume they would support the superior court's ruling. *Kohler*, 211 Ariz. at 108, ¶ 8 n.1. And the record supports the court's finding of a certain amount.

## CONCLUSION

**¶19** We affirm. Builder requests its attorney fees and costs under A.R.S. § 12-341 and -341.01, which we grant contingent upon Builder's compliance with ARCAP 21.

